ELLEN M. O'NEILL et al., Respondents, v ROLAND POITRAS et al., Appellants, et al., Defendant.—

Plaintiffs' action is essentially one for breach of contract for the sale of a business. Injunctive relief is not appropriate in actions involving breach of contract where a plaintiff has an adequate remedy at law *(see, Chicago Research & Trading v New York Futures Exch.,* 84 AD2d 413, 416; *Haulage Enters.*

*Corp. v Hempstead Resources Recovery Corp.,* 74 AD2d 863, 864). The facts with respect to whether the Poitrases made any misrepresentations as to the validity of a so-called extension agreement executed by Buffalo Raceway are sharply in dispute and, under such circumstances, a preliminary injunction should not be granted *(see, Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004, 1005; *Family Affair Haircutters v Detling,* 110 AD2d 745, 747). Moreover, a letter of credit is completely independent of the contract between the customer and the beneficiary *(see,* UCC 5-114; *O'Meara Co. v National Park Bank,* 239 NY 386, *rearg denied* 240 NY 607; *Chiat/Day Inc., Adv. v Kalimian,* 105 AD2d 94, 96). Payment of a letter of credit may be enjoined only where "active intentional fraud" is shown *(Chiat/Day Inc., Adv. v Kalimian, supra,* at 97); there has been no such allegation here. (Appeal from order of Supreme Court, Ontario County, Henry, Jr., J.— vacate preliminary injunction.) Present—Callahan, J. P., Boomer, Pine, Balio and Davis, JJ.