■ AMITY LOANS, INC., Appellant, v STERLING NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Respondent and

Third-Party Plaintiff-Respondent. AMITY BANCORP., INC., et al., Third-Party Defendants-Appellants.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered February 7, 1991, which granted the motion by defendant and third-party plaintiff Sterling National Bank and Trust Company of New York ("Sterling"), for a preliminary injunction, *inter alia,* enjoining and restraining plaintiff Amity Loans, Inc. ("Amity"), from converting accounts receivable, proceeds thereof and other property or obligations owned by or owing to defendant Sterling, and directing plaintiff Amity to deposit the proceeds of the accounts receivable in defendant Sterling's bank account at Amity Bank and to provide an accounting therefor, unanimously affirmed, without costs.

Order of the same court and Justice, entered March 29, 1991, which granted plaintiff Amity's motion for reargument, and which, upon reargument, adhered to the court's prior determination, while specifically noting that defendant Sterling may, pursuant to that prior order, withdraw funds as they are received from its account at Amity Bank, unanimously affirmed, without costs.

Order of the same court and Justice, entered May 22, 1991, which denied plaintiff Amity's motion for an order pursuant to CPLR 5519 (a) (4) designating an officer to take custody of the funds pending appeal, and which granted, in part, a motion by defendant Sterling for an order holding plaintiff Amity and the third-party defendants in contempt to the extent of scheduling a hearing with respect to such alleged contempt, unanimously affirmed, without costs.

Order of the same court and Justice, entered June 11, 1991, which granted defendant Sterling's motion for an order modifying the court's February 7, 1991 mandatory injunction order so as to require plaintiff Amity and the third-party defendants to make payment to defendant Sterling of the sum of $5,441,990.00, and all proceeds of receivables collected on or after August 1, 1990, and not previously transferred, within five days of notice of entry, and to make subsequent payments to defendant Sterling on a daily basis, unanimously affirmed, without costs.

Appeal from the contempt sanction, which is not as yet, embodied in an order, is dismissed as premature *(Matter of Beacon Enlarged City School Dist. v Tlumak,* 42 AD2d 701, 702), without costs.

On or about June 15, 1988, plaintiff Amity, a finance company engaged in making consumer loans to military person-

nel, and its parent corporation, third-party defendant Amity Bancorp, Inc., entered into a secured loan agreement with defendant Sterling, a commercial bank which, *inter alia,* makes term loans to finance companies, pursuant to which defendant Sterling agreed to lend money to plaintiff Amity on a revolving basis. Under the aforementioned agreement, as well as subsequent amendments thereto, full ownership of all of plaintiff Amity's accounts receivable and all proceeds thereof was specifically and unequivocally assigned and transferred to defendant Sterling, with any proceeds collected by plaintiff Amity to be held in trust for defendant Sterling. Subsequently, plaintiff Amity refused to turn over to defendant Sterling any proceeds of the receivables it had collected, and commenced the underlying action for breach of contract, rescission and specific performance, seeking monetary damages of at least $10 million alleging that Sterling cut off further loans, with defendant Sterling counterclaiming for conversion, breach of trust and breach of contract, and moving for a preliminary mandatory injunction granting the relief sought on its counterclaims and requiring plaintiff Amity and the third-party defendants to turn over all monies collected on the receivables.

Upon examination of the record, we find that the IAS court did not abuse its discretion in determining that defendant Sterling had demonstrated its entitlement to injunctive relief by establishing the likelihood of ultimate success on the merits, irreparable injury absent a granting of a preliminary injunction, and a balancing of the equities in defendant Sterling's favor *(Grant Co. v Srogi,* 52 NY2d 496, 517).

Although injunctive relief is not appropriate in actions involving breach of contract where the movant has an adequate remedy at law for monetary damages *(O'Neill v Poitras,* 158 AD2d 928), nevertheless, the IAS court, in ruling in defendant Sterling's favor, properly recognized that injunctive relief is appropriate to remedy the conversion of identifiable proceeds as sought in the underlying action *(Crocker Commercial Servs. v Davan Enters.,* 88 AD2d 877).

"It is well-settled that an action will lie for the conversion of money where there is a specific, identifiable fund and an obligation to return or otherwise treat in a particular manner the specific fund in question." *(Manufacturers Hanover Trust Co. v Chemical Bank,* 160 AD2d 113, 124.)

With respect to contempt of court, although the IAS court, after an evidentiary hearing, properly held plaintiff Amity and its counsel in contempt for disobeying the February 7,

1991 and March 29, 1991 prior court orders by obstructing defendant Sterling's access to the funds in its bank account at Amity Bank, the appeal therefrom is nevertheless dismissed as premature since the contempt finding was never embodied in a written order which had been properly entered *(Matter of Beacon Enlarged City School Dist. v Tlumak, supra).*

In any event, the failure to turn over a *res* held in trust, such as the proceeds of the receivables, which the plaintiff and the third-party defendants held in trust for defendant Sterling, may be enforced either by contempt proceedings or a money judgment *(Pieper v Renke,* 4 NY2d 410, 411; CPLR 5105 [2]).

We have reviewed the appellants' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.