■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE L. POTTER, Appellant. [693 NYS2d 870] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: County Court erred in denying defendant's motion to dismiss the indictment based on insufficient corroboration of the accomplice testimony (see, CPL 60.22 [1]). The only corroborative evidence connecting defendant to the crime was the testimony of a school bus driver who saw three men in a car leave the driveway of the residence that was burglarized. We conclude that, even when viewed in the light most favorable to the People (see, People v Smith, 55 NY2d 945, 947), the evidence is insufficient to "connect[ ] defendant with the burglary in a way that could reasonably satisfy the jury that the accomplice was telling the truth" (People v Miller [appeal No. 2], 158 AD2d 929, lv denied 76 NY2d 739). There is no evidence corroborating the accomplice's testimony that this defendant was one of the three men in the car observed by the bus driver (cf., People v Breland, 83 NY2d 286, 292-293; People v Pepe, 259 AD2d 949; People v Dexter, 259 AD2d 952; People v Wilson, 256 AD2d 637; People v Swift, 241 AD2d 949, lv denied 91 NY2d 881, 1013). Therefore, we reverse the judgment, grant the motion and dismiss the indictment. (Appeal from Judgment of Herkimer County Court, Kirk, J.—Burglary, 2nd Degree.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.