# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

1079

KA 09-02633

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN BROWN, DEFENDANT-APPELLANT.

---

JEANNIE D. MICHALSKI, PUBLIC DEFENDER, GENESEO, FOR
DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF
COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Livingston County Court (Dennis S.
Cohen, J.), rendered September 10, 2009. The judgment convicted
defendant, upon a jury verdict, of rape in the second degree, sexual
abuse in the second degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury
verdict of rape in the second degree (Penal Law § 130.30 [1]), sexual
abuse in the second degree (§ 130.60 [2]), and endangering the welfare
of a child (§ 260.10 [1]), defendant contends that County Court erred
in refusing to suppress the statements that he made to the police.
Defendant's specific contentions are that, contrary to the court's
conclusion, he was in custody, that the statements were the result of
coercion and intimidation by the police sergeant who questioned him,
and that he did not understand the import of the *Miranda* warnings
provided by the police sergeant. We reject those contentions.

"In determining whether a defendant was in custody for *Miranda*
purposes, '[t]he test is not what the defendant thought, but rather
what a reasonable [person], innocent of any crime, would have thought
had he [or she] been in the defendant's position' " (*People v Kelley*,
91 AD3d 1318, 1318, *lv denied* 19 NY3d 963, quoting *People v Yukl*, 25
NY2d 585, 589, *cert denied* 400 US 851). Here, the record establishes
that defendant voluntarily drove himself to the police station, was
not handcuffed, was permitted to leave the police station to smoke a
cigarette, and was not subjected to lengthy, coercive or accusatory
questioning (*see People v Towsley*, 53 AD3d 1083, 1084, *lv denied* 11
NY3d 795; *People v Duda*, 45 AD3d 1464, 1466, *lv denied* 10 NY3d 764).
Consequently, we conclude that defendant was not in custody. In any
event, the police sergeant provided *Miranda* warnings at the start of

the interview, prior to any statements being made by defendant.

We also reject defendant's contention that his statements were the result of police coercion and intimidation. The record of the suppression hearing supports the court's determination that the statements were not coerced, i.e., defendant received no promises in exchange for making the statements and he was not threatened in any way, and "the court's determination is entitled to great deference" (*People v Peay*, 77 AD3d 1309, 1310, *lv denied* 15 NY3d 955; *see People v Heary*, 104 AD3d 1208, 1210, *lv denied* 21 NY3d 943, *reconsideration denied* 21 NY3d 1016; *see generally People v Prochilo*, 41 NY2d 759, 761). Contrary to defendant's further contention, the evidence introduced at the suppression hearing fails to establish that he did not understand the import of the *Miranda* warnings. To the contrary, having reviewed the record of the *Huntley* hearing, we conclude that "defendant understood the *Miranda* warnings and, with such understanding, freely chose to answer the questions asked by the police" (*People v Benton*, 158 AD2d 987, 987, *lv denied* 75 NY2d 963; *see People v Young*, 303 AD2d 952, 952).

We reject defendant's further contention that the statements were not sufficiently corroborated. "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed" (CPL 60.50). "[T]he policy behind the statute is satisfied by the production of some [evidence], of whatever weight, that a crime was committed by someone" (*People v Daniels*, 37 NY2d 624, 629; *see People v Booden*, 69 NY2d 185, 187-188). Viewing the evidence in the light most favorable to the People (*see People v Potter*, 262 AD2d 1074, 1074; *see generally People v Smith*, 55 NY2d 945, 947), we conclude that the 13-year-old victim's testimony that defendant had sexual intercourse with her was sufficient to meet the corroboration requirement.

Defendant contends that the verdict is against the weight of the evidence because, inter alia, the jury acquitted him of certain additional crimes involving the same victim. That contention is actually a challenge to the verdict as repugnant, but defendant failed to preserve that challenge for our review inasmuch as he did not object to the verdict on that ground before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we otherwise reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant also failed to preserve for our review his contention that the court erred in permitting the People to recall the victim to testify following the testimony of another witness (*see People v Hare*, 27 AD3d 1171, 1172, *lv denied* 6 NY3d 894; *People v Cunningham*, 13 AD3d 1118, 1119-1120, *lv denied* 4 NY3d 829). In any event, we conclude

that the court did not abuse its discretion in permitting the People to recall the victim as a witness (*see People v Rostick*, 244 AD2d 768, 768-769, *lv denied* 91 NY2d 929).

Defendant failed to preserve for our review his further contention that the sentence imposed was a vindictive punishment for rejecting the plea offer and proceeding to trial (*see People v Hurley*, 75 NY2d 887, 888).  In any event, that contention is without merit. Defendant primarily relies upon the fact that a longer sentence was imposed after trial, but "[i]t is well settled that [t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*People v Spencer*, 108 AD3d 1081, 1083 [internal quotation marks omitted]).  Finally, the sentence is not unduly harsh or severe.

Entered:  November 15, 2013                         Frances E. Cafarell
                                                    Clerk of the Court