THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL FLECHA, Appellant. [600 NYS2d 400] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was subjected to custodial interrogation without the benefit of *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436, *reh denied sub nom. California v Stewart,* 385 US 890) and therefore that his statements to the police should be suppressed. We find that defendant was not in custody prior to the time that he told the police that he "did it". Defendant was told by Rochester police officers that the Batavia police wanted to talk to him. Defendant was asked if he would accompany the officers to the Rochester Police Department and he agreed. At that point the Rochester police had very few details about the homicide that the Batavia police were investigating. Defendant was not restrained. Defendant asked and was allowed to sit in the back of the unmarked police car, which had interior handles to open the car doors. Once at the Rochester Police Department, the Rochester police officers were informed by the Batavia police that evidence had been found linking defendant to the murder of his girlfriend. When the officer told defendant that the police possessed that information, defendant exclaimed, "I did it".

In deciding whether a defendant was in custody at the time of questioning, the test "is not what the defendant thought, but rather what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" *(Matter of Kwok T.,* 43 NY2d 213, 220, quoting *People v Yukl,* 25 NY2d 585, 589, *mot to amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851). A suspect's knowledge that the police already possess incriminating evidence against him

is therefore generally irrelevant in determining whether an interrogation was custodial *(Matter of Kwok T., supra,* at 220). We find that nothing occurred that would have caused a reasonable, innocent person to feel that he was in custody prior to defendant's outburst that he "did it". Because the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree. Suppression was properly denied. (Appeal from Judgment of Genesee County Court, Morton, J.—Murder, 2nd Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.