■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BURT V. KEEFER, Appellant. [649 NYS2d 861] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree. There is no merit to the contention that he was denied effective assistance of counsel. Defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged deficiencies (*People v Garcia*, 75 NY2d 973, 974; *see also, People v Almonte*, 210 AD2d 911, *lv denied* 85 NY2d 859), and we conclude that his trial counsel provided meaningful representation (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 147).

By failing to request that an accomplice or corroboration instruction be given to the jury, defendant did not preserve for our review his contention that County Court erred in failing to give that instruction (*see,* CPL 470.05 [2]; *People v James*, 75 NY2d 874, 875), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court properly denied defendant's motion to set aside the jury verdict. The record does not support defendant's contention that a juror was "grossly unqualified" to serve because of his relationship to the victim (*see,* CPL 270.20 [1] [c])

or that the juror engaged in misconduct by failing to disclose the relationship. (Appeal from Judgment of Lewis County Court, Merrell, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Fallon, Callahan, Balio and Davis, JJ.