■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK S. ROBBINS, Appellant. [654 NYS2d 494] —Judgment

unanimously reversed on the law, motion granted in part, confession suppressed, new trial granted on count two of indictment and count one of indictment dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury. Memorandum: Defendant moved, *inter alia*, to suppress a confession that he made to the police on July 15, 1992 regarding a homicide that occurred nine days earlier. Following a *Huntley* hearing, County Court determined that, although defendant had been questioned at the police station for more than four hours before being advised of his *Miranda* rights, he was not subjected to custodial interrogation and, thus, *Miranda* warnings were not required. Defendant, who was convicted after a jury trial of manslaughter in the first degree, contends on appeal that the court erred in denying his suppression motion. We agree.

"*Miranda v. Arizona* (384 U.S. 436) requires that at the time a person is taken into custody or otherwise deprived of his freedom, he must be advised of his constitutional rights" (*People v Yukl*, 25 NY2d 585, 588, *mot to amend remittitur denied* 26 NY2d 845, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *see, People v Harris*, 48 NY2d 208, 215). "Warnings, to be effective under the combined holdings in *Miranda* and *Westover* [*v United States*, 384 US 436], must *precede* the subjection of a defendant to questioning. Later is too late, unless there is such a definite, pronounced break in the interrogation that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Chapple*, 38 NY2d 112, 115; *see, People v Bethea*, 67 NY2d 364, 366). The test for determining whether someone was in custody is "what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" (*People v Yukl, supra*, at 589).

Defendant arrived at the police station at 7:50 P.M. and was placed in an interview room with two detectives. The interview commenced at 8:00 P.M. and, when defendant repeatedly denied wrongdoing, the questioning became accusatory in nature. The detectives confronted defendant with evidence contradicting his statements and told him that his brother was at the station giving a "formal statement" to the police. The interview was conducted in a police-dominated atmosphere, with at least seven different officers questioning defendant in teams of two or more. Although defendant voluntarily accompanied the police to the station and was not handcuffed, he was never left alone; a detective accompanied him when he went to the bathroom. At about 9:30 P.M., defendant said that he was tired

and asked whether he could go home. The questioning continued, however, until 1:58 A.M., when defendant signed his confession. Defendant was not advised of his *Miranda* rights until 12:12 A.M., more than four hours after questioning had commenced.

In our view, a reasonable person in defendant's position, after he asked whether he could leave the police station, would have believed himself to be in custody (*see, People v Yukl, supra,* at 589; *cf., People v Centano,* 76 NY2d 837). Thus, the police were required to advise defendant of his *Miranda* rights before subjecting him to further questioning (*see, People v Chapple, supra,* at 115). Because defendant was not timely advised of his rights, and because there was not a definite and pronounced break in the interrogation, defendant's confession, which was made after advisement of rights, must be suppressed as involuntary (*see, People v Beames,* 149 AD2d 817, 818).

We have reviewed defendant's remaining contention and conclude that it lacks merit. Inasmuch as defendant was acquitted of murder in the second degree under count one of the indictment but was convicted of the lesser included offense of manslaughter in the first degree, count one of the indictment must be dismissed without prejudice to the People to re-present any appropriate charges to another Grand Jury (*see, People v Gonzalez,* 61 NY2d 633, 635; *People v Jackson,* 167 AD2d 893, 894). (Appeal from Judgment of Niagara County Court, Punch, J.—Manslaughter, 1st Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.