■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISMAEL PINELLA, Appellant. [665 NYS2d 559] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered December 19, 1995, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant argues that the verdict was against the weight of the evidence because, *inter alia*, the testimony of

the three eyewitnesses who identified him as the shooter was unreliable. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination is accorded great weight on appeal, and will not be disturbed where, as here, it is supported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Furthermore, the trial court correctly denied the defendant's request to charge manslaughter in the first degree as a lesser-included offense of murder in the second degree, since there is no reasonable view of the evidence which would support a finding that the defendant intended to cause serious physical injury rather than death (*see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *see also, People v Dellemand,* 205 AD2d 551).

The defendant's claim of ineffective assistance of counsel is also without merit. Viewing defense counsel's performance in its entirety, we find that the defendant received meaningful representation at all stages of the trial (*see, People v Baldi,* 54 NY2d 137, 147; *see also, People v Finch,* 199 AD2d 278; *People v Johnson,* 184 AD2d 732, 733).

The defendant's remaining contentions are unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.