■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BENITO, Appellant. [683 NYS2d 27] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 26, 1995, convicting defendant, after a jury trial, of robbery in the first degree, burglary in the first degree, intimidating a victim or witness in the third degree, and unlawful imprisonment in the first degree (two counts), and sentencing him, as a persistent violent felony offender, to concurrent terms of 25 years to life on the robbery and burglary convictions, and 2 to 4 years on the remaining convictions, unanimously affirmed.

A review of the record indicates that the circumstances presented to the court permitted the court's discretionary use of shackles to restrain defendant and maintain order in the proceedings (*People v Mendola*, 2 NY2d 270, 276-277). The court was not required to accept defendant's promise of good behavior where such promises had proved unreliable before (*see, People v Harding*, 243 AD2d 401, *lv denied* 91 NY2d 874). Additionally, the record indicates that the shackles were hardly noticeable, that the jury had witnessed defendant's misconduct in the courtroom, and that the court issued appropriate instructions to the jury to minimize any potential prejudice to defendant. In the circumstances, there is no support for defendant's claim of undue prejudice (*see, People v Palermo*, 32 NY2d 222, 226; *see also, People v Bailey*, 205 AD2d 789, *lv denied* 84 NY2d 822).

Defendant's claim of prejudice due to late delivery of *Rosario* material is unsupported by the record and the court properly denied defendant's request for a mistrial. In this connection, the record establishes that late delivery of any *Rosario* material was not due to bad faith on the part of the prosecutor, and that the court eliminated any possible prejudice to defendant by precluding the People from taking advantage of the material and by offering defense counsel the opportunity to recall any relevant witness for further questioning with the benefit of the material in question (*see, People v Leidinger*, 196 AD2d 688, *lv denied* 82 NY2d 851). Concur—Tom, J. P., Mazzarelli, Andrias and Saxe, JJ.