■ The People of the State of New York, Respondent, v Vernando Drax, Also Known as Batman, Appellant. [682 NYS2d 653] —Judgment unanimously affirmed. Memorandum: The verdict convicting defendant of murder in the second degree (Penal Law § 125.25 [1]) is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Because there is no reasonable view of the evidence that defendant did not intend to cause death, County Court properly denied defendant's request to charge manslaughter in the first degree (Penal Law § 125.20 [1]) and manslaughter in the second

degree (Penal Law § 125.15 [1]) as lesser included offenses (*see, People v Glover,* 57 NY2d 61, 63; *People v Pinella,* 244 AD2d 435, *lv denied* 91 NY2d 944; *People v Cruz,* 233 AD2d 102, *affd on other grounds* 90 NY2d 961; *see also, People v Dellemand,* 205 AD2d 551, *lv denied* 83 NY2d 1003). Defendant's admissions tend to connect defendant to the commission of the crime and thus corroborate the testimony of the accomplice (*see,* CPL 60.22; *People v Burgin,* 40 NY2d 953).

We also reject the contention of defendant that he was denied a fair trial by the prosecutor's failure to disclose *Brady* material prior to trial. Defendant had a meaningful opportunity to use that material at trial (*see, People v Cortijo,* 70 NY2d 868, 870), and there is no reasonable possibility that the failure to disclose it earlier contributed to the verdict (*see, People v Vilardi,* 76 NY2d 67, 77). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Wisner, Balio and Boehm, JJ.