■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHALIQ REED, Appellant. [716 NYS2d 490] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the

second degree (Penal Law § 125.25 [1]). During a break in defense counsel's summation, a juror informed Supreme Court that she had a question. The court conducted a bench conference with the juror and counsel. The juror asked whether the prosecution could prevent defendant from calling a witness, and the court replied in the negative. We reject the contention of defendant that he was denied the right to be Present at a material stage of the proceedings based upon his absence from that bench conference. "[A] defendant's presence is not required where the proceeding at issue involves only questions of law or procedure" (*People v Rodriguez*, 85 NY2d 586, 591). We further reject defendant's contention that the court erred in failing to charge lesser included offenses. Because there is no reasonable view of the evidence that defendant did not intend to cause death, the court properly denied defendant's request to charge manslaughter in the first degree (Penal Law § 125.20 [1]) and manslaughter in the second degree (Penal Law § 125.15 [1]) as lesser included offenses (*see, People v Drax*, 256 AD2d 1205, 1205-1206, *lv denied* 94 NY2d 902; *see generally, People v Glover*, 57 NY2d 61, 63). Defendant's remaining contentions, based upon CPL 310.30, are not preserved for our review (*see,* CPL 470.05 [2]). In any event, "the procedural provisions of CPL 310.30 apply to deliberating juries" and thus do not apply here (*People v Contrero*, 232 AD2d 213, 214, *lv denied* 89 NY2d 1090). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.