■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL WILLIAMS, Appellant. [725 NYS2d 775] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]). Contrary to the contention of defendant, Supreme Court properly determined that his confession was not tainted by statements that defendant made to police before he was given *Miranda* warnings. Although defendant was questioned by police for approximately two hours before he was given *Miranda* warnings, that questioning was not custodial in nature (*see, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851). Defendant voluntarily accompanied police in an unmarked vehicle and sat in the front seat of the vehicle; he was not restrained in any way; he was left alone in an unlocked room for periods of time; the questioning was not accusatory in nature; and defendant did not at any time indicate that he did not want to speak to police or that he wanted to leave (*cf., People v Robbins,* 236 AD2d 823, 824-825, *lv denied* 90 NY2d 863). During that initial period of questioning, statements made by defendant indicated to police that he was involved in the crime. He was then given *Miranda* warnings and waived his rights, but he did not admit his involvement in the crime until several hours later. "Because the initial statement[s] [were] not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha,* 195 AD2d 1052, 1053).

We reject the contention of defendant that the court erred in denying his request to charge the jury on the lesser included offenses of manslaughter in the second degree (Penal Law § 125.15 [1]) and criminally negligent homicide (Penal Law § 125.10). There is no reasonable view of the evidence to support defendant's contention that the jury could have found that he did not intend to cause the victim's death; defendant and others were hired to kill the victim and the victim was killed in an execution-style shooting (*see, People v Reed,* 277 AD2d 1043; *People v Drax,* 256 AD2d 1205, 1205-1206, *lv denied* 94 NY2d 902; *see generally, People v Glover,* 57 NY2d 61, 63).

We have considered the contention of defendant that cumulative errors denied him a fair trial and conclude that it is without merit. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Scudder and Burns, JJ.