■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS SCOTT, Appellant. [732 NYS2d 502] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), assault in the second degree (Penal Law § 120.05 [9]), and endangering the welfare of a child (Penal Law § 260.10 [1]). Defendant was sentenced to concurrent terms of imprisonment, the longest of which is 25 years to life. The charges arose out of the death of the 16-month-old child of defendant's girlfriend. The child had been left alone with defendant, who was then 18 years of age. The child died from blunt force trauma as a result of being hit and thrown by defendant, who took no steps to obtain medical attention for the child. The compromised medical status of the child was first noted by day care center workers in the Buffalo City Court Building, where defendant had come to attend a court proceeding. Thereafter, a police officer asked defendant to go with him to police headquarters, and defendant agreed to do so. Defendant was questioned without being given *Miranda* warnings; at that time, the police were not yet aware that a crime had been committed. Defendant gave the police an initial written statement and then voluntarily stayed at the police station, accompanied by his mother, while further investigation was undertaken. Defendant was allowed to use the bathroom, was given food, and slept. Before the police began their second interview with defendant, they had learned the exact nature of the child's injuries and suspected that they were the result of criminal activity. Defendant was given *Miranda* warnings shortly into the second interview, before he gave a second written statement.

In the second written statement, defendant admitted that he had hit the child and thrown him into a couch that morning. Defendant further admitted that he realized that the child was suffering some physical consequences because the child could not walk and was lethargic, yet defendant did not seek medical attention for him. Defendant admitted that he was alone with the child from approximately 8:30 that morning until their arrival at the Buffalo City Court Building.

County Court properly refused to suppress the oral statements and first written statement made by defendant to the police before he was given *Miranda* warnings. A reasonable person innocent of any crime would not have believed that he was in custody, and thus warnings were not required (*see, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851).

Initially, the inquiry by the police was investigative rather than accusatory because the police were unaware that the child's injuries were caused by criminal activity. Further, defendant voluntarily cooperated with the police throughout that initial period (*see, People v Forbes,* 182 AD2d 829, *lv denied* 80 NY2d 895).

We further conclude that the court properly refused to suppress defendant's second written statement. Following defendant's initial written statement, the police learned that the child had died, that the cause of death was blunt trauma including a laceration of the child's liver, and that defendant had initially lied about having been in the company of a friend throughout the morning. Once the police came to believe that criminal activity had occurred, they properly gave defendant *Miranda* warnings, and the record establishes that the second written statement, given after the *Miranda* warnings, was voluntary (*see generally, People v Glover,* 195 AD2d 999, *lv denied* 82 NY2d 849). Defendant signed a card indicating that he was read his rights and that he understood them. He also indicated that he could read and write.

Further, we reject the contention that defendant was denied effective assistance of counsel. The record establishes that defense counsel's theory was that the child's mother may have been responsible for the child's injuries and death. Thus, defendant failed to demonstrate "the absence of strategic or other legitimate explanations for counsel's failure" to make certain objections (*People v Rivera,* 71 NY2d 705, 709). Viewing the evidence, the law and the circumstances of this case as a whole and as of the time of the representation, we conclude that defendant received effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147).

We further reject the contention that the evidence is legally insufficient to support the murder conviction. In addition to other proof, defendant admitted the essential elements of the crime (*see, People v Dexheimer,* 214 AD2d 898, *lv denied* 86 NY2d 872).

Considering the heinous nature of defendant's conduct and defendant's utter failure to express either remorse or responsi-

bility for the child's death, we conclude that the sentence imposed on the murder conviction, the maximum allowable by law, is not unduly harsh or severe (*see generally, People v Suitte*, 90 AD2d 80). (Appeal from Judgment of Erie County Court, D'Amico, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.