THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. MANZI, Appellant. [738 NYS2d 638] —Appeal from a judgment of Oswego County Court (Mulroy, J.), entered August 29, 1997, convicting defendant after a jury trial of manslaughter in the second degree and by plea of guilty of, inter alia, reckless endangerment in the first degree (six counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of six counts of reckless endangerment in the first degree (Penal Law § 120.25) and one count of criminal mischief in the third degree (Penal Law § 145.05). In addition, he was convicted following a jury trial of manslaughter in the second degree (Penal Law § 125.15). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see, People v Lopez,* 71 NY2d 662, 665). In any event, that challenge lacks merit. "[T]here is no requirement that a defendant personally recite the facts underlying his or her crime" (*People v Kinch,* 237 AD2d 830, 831, *lv denied* 90 NY2d 860; *see, People v Every,* 272 AD2d 947, 947-948, *lv denied* 95 NY2d 865). County Court properly refused to suppress two written statements that defendant gave to the police. Contrary to the contention of defendant, he was not in custody prior to receiving *Miranda* warnings (*see, People v Williams,* 283 AD2d 998, 999, *lv denied* 96 NY2d 926; *People v Schraenkler,* 221 AD2d 1003, *lv denied* 87 NY2d 977, 88 NY2d 885). Defendant voluntarily accompanied the police, he was not restrained in any way, and he understood that he was free to leave at any time (*see, People v Williams, supra* at 999). Contrary to the further contention of defendant, he did not unequivocally request counsel when he asked the police whether he needed an attorney (*see, People v Hicks,* 69 NY2d 969, 970, *rearg denied* 70 NY2d 796; *People v Ashraf,* 186 AD2d 1057, 1057-1058, *lv denied* 80 NY2d 1025).

Defendant contends that the evidence is legally insufficient to support the conviction of manslaughter because the accomplice testimony was not corroborated. That contention is not preserved for our review (*see,* CPL 470.05 [2]), and in any event is without merit. Defendant's two statements to the police corroborated the testimony of two witnesses who were accomplices (*see, People v Burgin,* 40 NY2d 953, 954; *People v Drax,* 256 AD2d 1205, 1206, *lv denied* 94 NY2d 902). Defendant also

failed to preserve for our review his contention that the court erred in failing to charge the jury that three other witnesses were accomplices (*see, People v Keefer,* 233 AD2d 880, *lv denied* 89 NY2d 986). In any event, that contention is also without merit. "[T]here is no evidence from which it can be reasonably inferred that [those witnesses] participated in the planning or execution of the crimes" (*People v Jones,* 73 NY2d 902, 903, *rearg denied* 74 NY2d 651; *see, People v Jackson,* 182 AD2d 1086, *lv denied* 80 NY2d 895; *People v Lyon,* 134 AD2d 909, 909-910, *lv denied* 71 NY2d 970).

In view of the nature of the offenses, the sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.