■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JACOBS, Appellant. [748 NYS2d 110] —Appeal from a judgment of Ontario County Court (Harvey, J.), entered May 21, 2001, convicting defendant after a jury trial of, inter alia, assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the first degree (Penal Law § 120.10 [3]), assault in the second degree (§ 120.05 [1]), criminal contempt in the second degree (§ 215.50 [3]), and five counts of endangering the welfare of a child (§ 260.10 [1]). Defendant contends that his initial statements to the police and his subsequent written statement should have been suppressed because he had not been advised of his *Miranda* rights prior to the alleged custodial interrogation resulting in those statements. Here, the police officer merely asked defendant his

name and date of birth with respect to the issuance of a warrant on a separate matter and defendant then volunteered information that led to a single investigatory question. Thus, it cannot be said that a reasonable person in defendant's position, innocent of any crime, would have believed that he or she was in custody (*see People v Yukl*, 25 NY2d 585, 589, *rearg denied* 26 NY2d 845, *cert denied* 400 US 851; *see also People v Robbins*, 236 AD2d 823, 824, *lv denied* 90 NY2d 863; *People v Flecha*, 195 AD2d 1052). Contrary to defendant's contention, County Court properly exercised its discretion in permitting the prosecutor to ask leading questions of the prosecution's own witness and to impeach that witness inasmuch as the witness was defendant's son (*see People v Sexton*, 187 NY 495, 509; *People v Cuttler*, 270 AD2d 654, *lv denied* 95 NY2d 795). We agree with defendant that the court abused its discretion by permitting the prosecutor to question defendant concerning his prior convictions of endangering the welfare of a child and assault in the second degree because they were the same crimes as some of those charged herein (*see People v Williams*, 56 NY2d 236, 239; *People v Sandoval*, 34 NY2d 371, 377-378). We conclude, however, that the error is harmless (*cf. Williams*, 56 NY2d at 240-241; *People v Shields*, 46 NY2d 764).

Defendant contends that the court's refusal to charge the jury in the alternative with respect to the two assault counts resulted in a repugnant verdict. Defendant failed to raise that contention before the jury was discharged and therefore failed to preserve his contention for our review (*see People v Satloff*, 56 NY2d 745, 746, *rearg denied* 57 NY2d 674). Defendant further contends that the failure to make a record of an alleged sidebar conference regarding that aspect of the court's charge severely prejudiced his right to a fair trial. "It is defendant's obligation to generate a proper record for review," and here defendant failed to request that a record of the sidebar conference be made (*People v Mason*, 227 AD2d 289, 290, *affd* 89 NY2d 878; *see also People v Morgan*, 224 AD2d 720, 720, *lv denied* 88 NY2d 882). Contrary to the further contention of defendant, a reasonable basis was articulated on the record for placing him in physical restraints in the courtroom (*see People v Rouse*, 79 NY2d 934, 935; *cf. People v Vigliotti*, 203 AD2d 898), and the court issued appropriate instructions, thereby minimizing any potential prejudice to defendant (*see People v Benito*, 256 AD2d 221, *lv denied* 93 NY2d 850, *cert denied* 528 US 810). In addition, defendant did not object to the failure to make a stenographic record of that portion of the voir dire of the prospective jurors conducted by counsel and thus failed to preserve for our review his present contention that a steno-

graphic record should have been made (*see People v Vasquez*, 89 NY2d 521, 534). The sentence is neither unduly harsh nor severe. Present—Green, J.P., Wisner, Scudder, Burns and Lawton, JJ.