*1030 Appeal from an order of Supreme Court, Oneida County (Donalty, J.), entered January 30, 2003, which, after a hearing, granted the motion of defendant seeking to suppress oral and written statements made by him.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law, the motion is denied, and the matter is remitted to Supreme Court, Oneida County, for further proceedings on the indictment.
Memorandum: Supreme Court erred in granting the motion of defendant seeking to suppress oral and written statements made by him. In determining whether a defendant was in custody prior to receiving his Miranda warnings, the “test is not what the defendant thought, but rather what a reasonable man, innocent of any crime, would have thought had he been in the defendant’s position” (People v Yukl, 25 NY2d 585, 589 [1969], rearg denied 26 NY2d 845 [1970], cert denied 400 US 851 [1970]; see People v Jacobs, 298 AD2d 954, 955 [2002], lv denied 99 NY2d 559 [2002]; People v Scott, 288 AD2d 846, 847 [2001], lv denied 97 NY2d 761 [2002]; People v Sanchez, 280 AD2d 891 [2001], lv denied 96 NY2d 806 [2001]). The evidence at the suppression hearing establishes that defendant voluntarily permitted the arresting officer to enter his home. There is nothing in the record to support the conclusion that a reasonable person would have believed that he was not free to leave until after the arresting officer refused to allow defendant to shower before leaving for the police station. It was only at that point that defendant was “physically deprived of his freedom of action in any significant way” (People v Rodney P., 21 NY2d 1, 9 [1967]; see People v Johnson, 91 AD2d 327, 328 [1983], affd 61 NY2d 932 [1984]). “Because the initial statements [were] not the product of pr e-Miranda custodial interrogation, the post-Miranda detailed confession given by defendant cannot be considered the fruit of the poisonous tree” (People v Williams, 283 AD2d 998, 999 [2001], lv denied 96 NY2d 926 [2001], quoting People v Flecha, 195 AD2d 1052, 1053 [1993]). We therefore reverse the order, deny the motion to suppress, and remit the matter to Supreme Court, Oneida County, for further proceedings on the indictment. Present—Wisner, J.E, Hurlbutt, Scudder, Gorski and Lawton, JJ.