THE PEOPLE OF THE STATE OF NEW YORK, Respondent; v SANTOS SUAREZ, Appellant. [788 NYS2d 37]—

Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered January 30, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

Viewing the evidence in the light most favorable to the People, we conclude that the jury's verdict convicting defendant of depraved indifference murder was based on legally sufficient evidence. The jury could have reasonably concluded, particularly

if it credited portions of defendant's testimony, that when defendant inflicted several knife wounds upon his girlfriend during a struggle, her death was not the result of any intentional conduct, but instead resulted from conduct satisfying the elements of depraved indifference murder (*see People v Garbutt*, 9 AD3d 255 [2004], *lv denied* 3 NY3d 674 [2004]).

Defendant was not deprived of his right to conflict-free representation. Although defendant's trial attorney represented one of the prosecution's rebuttal witnesses on a prior occasion, defendant has failed to demonstrate how any conflict of interest affected, operated on, or bore a substantial relation to the conduct of his defense (*see People v Harris*, 99 NY2d 202, 210 [2002]). The record fails to support defendant's assertion that, as a result of the conflict, counsel failed to impeach the witness by means of the misdemeanor drug conviction upon which counsel had represented the witness. On the contrary, a conflict-free attorney could have reasonably concluded that there was no need to belabor the point after the prosecutor had already elicited her witness's minor conviction on direct examination.

Defendant's challenge to the court's instruction on the justification defense is unpreserved (*see People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review it in the interest of justice. Were we to review this claim, we would find the error in the court's charge to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Tom, J.P., Andrias, Sullivan, Williams and Gonzalez, JJ.