■ The People of the State of New York, Respondent, v James Cunningham, Appellant. [786 NYS2d 677]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered September 18, 2002. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence imposed on criminal possession of a

weapon in the third degree and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for resentencing on count two of the indictment.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, the verdict on the murder count is not against the weight of the evidence. We reject the further contention of defendant that County Court erred in denying his motion to suppress his statements. The court properly determined that defendant was not in custody when he gave police a statement before he was given *Miranda* warnings. Inasmuch as defendant willingly accompanied police, was not handcuffed, was offered food and beverages, was left alone for a period of time and was not questioned in an accusatory fashion, we conclude that "[a] reasonable person innocent of any crime would not have believed that he was in custody, and thus warnings were not required" (*People v Scott*, 288 AD2d 846, 847 [2001], *lv denied* 97 NY2d 761 [2002]; *see People v Yukl*, 25 NY2d 585, 589 [1969], *rearg denied* 26 NY2d 845 [1970], *cert denied* 400 US 851 [1970]; *People v Adelman*, 1 AD3d 1029, 1030 [2003]; *People v Williams*, 283 AD2d 998, 999 [2001], *lv denied* 96 NY2d 926 [2001]; *cf. People v Robbins*, 236 AD2d 823, 824-825 [1997], *lv denied* 90 NY2d 863 [1997]). Although we agree with defendant that the court erred in determining that he was not in custody when he gave his second statement, we conclude that the evidence at the *Huntley* hearing supports the court's determination that defendant was advised of his *Miranda* rights, that he waived those rights and that his statement was voluntary (*see Scott*, 288 AD2d at 847). Defendant raises for the first time on appeal, and therefore failed to preserve for our review, his contention that the second statement was the result of continuous interrogation and must therefore be suppressed (*see* CPL 470.05 [2]). Were we to review that contention as a matter of discretion in the interest of justice, we would conclude that, "[b]ecause the initial statement was not the product of pre-*Miranda* custodial interrogation, the post-*Miranda* detailed confession given by defendant cannot be considered the fruit of the poisonous tree" (*People v Flecha*, 195 AD2d 1052, 1053 [1993]; *see Adelman*, 1 AD3d at 1030). Defendant also failed to preserve for our review his remaining contention with respect to his statements and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By failing to object to the court's ruling permitting the People

to recall a witness, or to object to the testimony of that witness, defendant failed to preserve for our review his contention that the court abused its discretion in permitting the People to recall the witness (*see* CPL 470.05 [2]; *People v Woodard*, 11 AD3d 899 [2004]; *People v Law*, 273 AD2d 897, 898 [2000], *lv denied* 95 NY2d 965 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

By failing to move to dismiss the indictment on the ground that the evidence is legally insufficient to disprove the defense of justification, defendant failed to preserve that contention for our review (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. The People established that the 116-pound victim was stabbed nine times with sufficient force to penetrate the bones in the sternum and ribs; there was no sign of a struggle in the victim's home; and a witness who observed defendant after the murder testified that she did not observe any wounds on defendant. Defendant also failed to preserve for our review his contention that the court's charge to the jury was erroneous (*see People v Robinson*, 88 NY2d 1001, 1002 [1996]). We nevertheless conclude that the contention is without merit.

The sentence imposed on the murder count is not unduly harsh or severe. We agree with defendant, however, that the sentence on the count charging criminal possession of a weapon must be vacated inasmuch as it is an illegal sentence. The record is not clear whether defendant was sentenced as a first or second felony offender. Nevertheless, the indeterminate term of incarceration of 3 to 7 years imposed on that count is illegal, irrespective of whether defendant is a first or second felony offender (*see* Penal Law §§ 70.00 [2] [d]; [3] [b]; § 70.06 [4] [b]). We therefore modify the judgment by vacating the sentence imposed on count two of the indictment, and we remit the matter to Erie County Court for resentencing on that count (*see People v La Var*, 4 AD3d 787, 788 [2004], *lv denied* 3 NY3d 642 [2004]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.