■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON A. WEEKS, Appellant. [789 NYS2d 373]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered July 18, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second degree (Penal Law § 125.25 [2], [4]) and one count of endangering the welfare of a child (§ 260.10 [1]). The evidence at trial established that defendant beat his 22-month-old daughter and that she died from the injuries she sustained. Defendant contends that a prosecution witness was an accomplice as a matter of law, thus requiring an accomplice charge to the jury. Defendant, however, never requested an accomplice charge and thus did not preserve that issue for our review (*see People v Manzi*, 292 AD2d 849, 849-850 [2002], *lv denied* 98 NY2d 653 [2002]; *People v Keefer*, 233 AD2d 880 [1996], *lv denied* 89 NY2d 986 [1997]). His contention is without merit in any event. "[T]here is no evidence from which it can be reasonably inferred that [the witness] participated in the planning or execution of the crimes" (*People v Jones*, 73 NY2d 902, 903 [1989], *rearg denied* 74 NY2d 651 [1989]; *see People v Jackson*, 182 AD2d 1086 [1992], *lv denied* 80 NY2d 895 [1992]; *People v Lyon*, 134 AD2d 909, 909-910 [1987], *lv denied* 71 NY2d 970 [1988]). Defendant also failed to preserve for our review his contention that the evidence was legally insufficient to establish that he engaged in conduct evincing a depraved indifference to human life (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is also without merit (*see People v Poplis*, 30 NY2d 85, 88 [1972]; *People v Mitchell*, 289 AD2d 776, 779 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Dexheimer*, 214 AD2d 898, 900-901 [1995], *lv denied* 86 NY2d 872 [1995]; *see generally People v Payne*, 3 NY3d 266, 271-272 [2004], *rearg denied* 3 NY3d 767 [2004]). The verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the contention of defendant that the testimony of his wife should not have been allowed because of the spousal privilege for confidential communications. "One spouse may not, without consent, disclose a confidential communication made by the other during marriage (CPLR 4502 [b]; CPL 60.10)" (*People v Fediuk*, 66 NY2d 881, 883 [1985]). The spousal privilege falls, however, "when the substance of a communication . . . is revealed to third parties" (*Matter of Vanderbilt [Rosner—Hickey]*, 57 NY2d 66, 74 [1982]; *see People v LaPlanche*, 193 AD2d 1062, 1063 [1993], *lv dismissed* 82 NY2d 756 [1993]). Here, the substance of the communication between defendant and his wife was revealed to his wife's sister by both defendant and his wife.

Defendant further contends that the statement that he made to the Cortland police was involuntary despite his waiver of *Mi-*

*randa* rights. Although the interrogation lasted over 18 hours, that does not, by itself, render the statement involuntary (*see People v Johnson*, 265 AD2d 930, 931 [1999], *lv denied* 94 NY2d 921 [2000]; *People v Towndrow*, 236 AD2d 821, 822 [1997], *lv denied* 89 NY2d 1016 [1997]). There were several breaks during the interrogation, during which time defendant slept. Defendant was offered food and drink and was allowed to use the restroom. Considering all the circumstances, the statement was not involuntary (*see Johnson*, 265 AD2d at 931). In addition, there is no evidence to support defendant's contention that there was an unnecessary delay by the police in filing the accusatory instrument (*see People v Hales*, 272 AD2d 984, 985 [2000], *lv denied* 95 NY2d 935 [2000]). The contention of defendant that he was denied a fair trial because of prosecutorial misconduct during summation has not been preserved for our review (*see People v Barlow*, 8 AD3d 1027, 1028 [2004], *lv denied* 3 NY3d 657 [2004]) and is without merit in any event (*see People v Gates*, 6 AD3d 1062, 1063 [2004], *lv denied* 3 NY3d 659 [2004]; *People v Rubin*, 101 AD2d 71, 77-78 [1984], *lv denied* 63 NY2d 711 [1984]). The sentence is not unduly harsh or severe.

In his pro se supplemental brief, defendant contends that he was denied the effective assistance of counsel due to the fact that another attorney in defense counsel's office had previously represented a prosecution witness on an unrelated matter and thus defense counsel had an impermissible conflict of interest. At no time during the trial did the prosecutor or defense counsel raise any possible conflict of interest. "To prevail on an ineffective assistance of counsel claim, a defendant must first demonstrate the existence of a potential conflict of interest" (*People v Harris*, 99 NY2d 202, 210 [2002]). Defendant must also show "that 'the conduct of his defense was in fact affected by the operation of the conflict of interest,' or that the conflict 'operated on' the representation" (*People v Ortiz*, 76 NY2d 652, 657 [1990]), and defendant failed to make such a showing here (*see People v Suarez*, 13 AD3d 320 [2004]; *People v Henderson*, 11 AD3d 366, 367-368 [2004]; *People v Wingate*, 297 AD2d 761, 762 [2002], *lv denied* 99 NY2d 566 [2002]). Defendant does not state how the alleged conflict of interest affected his counsel's strategic decisions or conduct during the trial. Defense counsel vigorously cross-examined the witness and attacked her credibility during summation. In light of the fact that defense counsel did not know of the conflict at the time of the trial, there is no basis to conclude that the potential conflict hindered his representation of defendant (*see Harris*, 99 NY2d at 210-211). In sum, "[w]hile generally both defense counsel and the prosecution had a duty to recognize potential conflict situations, and neither

side apparently was aware of the conflict, what is significant is that the conflict did not operate on defense counsel's representation" (*Harris*, 99 NY2d at 211). Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.