THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON T. SACHS, Appellant. [788 NYS2d 743]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 22, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]) in connection with the death of his five-month-old daughter. Defendant gave a statement to the police admitting that he stuffed a piece of clothing in his daughter's mouth to keep his daughter from crying. At trial, defendant testified that he lied to the police, and the defense theory was that defendant's girlfriend, the mother of the child, was responsible for her death.

We reject defendant's contention that County Court erred in allowing the prosecutor to introduce evidence that defendant had previously stuffed a sock into the baby's mouth. That evidence is relevant to the issue of the identity of defendant as the perpetrator in order to establish that it was defendant, and not the child's mother, who stuffed clothing into the child's mouth (*see People v Crombleholme*, 8 AD3d 1068, 1071 [2004], *lv dismissed and denied* 3 NY3d 672 [2004]). The evidence is also admissible inasmuch as "it tends to negative the defense" of accidental death and "is especially warranted . . . where the crime charged has occurred in the privacy of the home and the facts are not easily unraveled" (*People v Henson*, 33 NY2d 63, 72 [1973]; *see People v Engler*, 150 AD2d 827, 828-829 [1989], *lv denied* 75 NY2d 770 [1989]; *People v Sims*, 110 AD2d 214, 220-221 [1985], *lv denied* 67 NY2d 657 [1986]). The probative value of that evidence outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 242 [1987]).

Defendant failed to preserve for our review his contentions that the People's medical expert improperly invaded the province of the jury (*see People v Snyder*, 281 AD2d 894 [2001], *lv denied* 96 NY2d 868 [2001]; *see also People v Woodard*, 11 AD3d 899 [2004]) and the prosecutor violated the court's pretrial *Sandoval* ruling (*see People v Znajmiecki*, 284 AD2d 983, 984 [2001], *lv denied* 97 NY2d 690 [2001]; *People v Marzug*, 280 AD2d 974, 975 [2001], *lv denied* 96 NY2d 904 [2001]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to the further contention of defendant, the court properly determined that he was not subjected to custodial interrogation prior to receiving *Miranda* warnings (*see People v Greene*, 292 AD2d 832, 833 [2002], *lv denied* 98 NY2d 675 [2002]; *People v Williams*, 283 AD2d 998, 999 [2001], *lv denied* 96 NY2d 926 [2001]; *People v Schraenkler*, 221 AD2d 1003 [1995], *lv denied* 87 NY2d 977, 88 NY2d 885 [1996]). The police

did not consider the baby's death suspicious when they first began interviewing defendant; their questions were investigatory in nature, not accusatory. Once the police began to suspect defendant because of his nervousness and his questions regarding what his girlfriend was saying, they administered the *Miranda* warnings. There was thus no basis to suppress the first statement of defendant that was given while he was not subjected to custodial interrogation, or his second statement that was given after he received the *Miranda* warnings and waived his rights (*see People v Flecha*, 195 AD2d 1052, 1053 [1993]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Lawton, JJ.