■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVAUGHN HOLMES, Appellant. [829 NYS2d 315]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered June 29, 2005. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree and criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the second degree (former § 265.03 [2]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to disprove his justification defense (*see People v Cunningham*, 13 AD3d 1118, 1120 [2004], *lv denied* 4 NY3d 829, 5 NY3d 761) and, in any event, that contention lacks merit. The record establishes that defendant shot the victim three times, twice after wrestling the gun away from him during a struggle. All three gunshots were either debilitating or deadly, and one gunshot was to the back of the victim's head, at close range. The jury could reasonably have concluded that, after disarming the victim, defendant had the opportunity to retreat safely without using deadly force (*see People v Littlejohn*, 307 AD2d 976 [2003], *lv denied* 100 NY2d 622 [2003]). Alternatively, the jury could reasonably have concluded that, because defendant shot the victim more than once, his "actions constituted an excessive use of deadly force, and . . . it was the excessive portion of the force which caused the victim's death" (*People v Reeder*, 209 AD2d 551, 552 [1994], *lv denied* 85 NY2d 913 [1995]).

We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). " 'Great deference is to be accorded to the factfinder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (*People v Gritzke*, 292 AD2d 805, 805-806 [2002], *lv denied* 98 NY2d 697 [2002]), and defendant's credibility was a key issue at trial. By failing to object to Supreme Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his challenge to that ruling (*see People v Ponder*, 19 AD3d 1041, 1043 [2005], *lv denied* 5 NY3d 809 [2005]; *People v O'Connor*, 19 AD3d 1154, 1155 [2005], *lv denied* 5 NY3d 831 [2005]). In any event, defendant's challenge lacks merit. The record establishes that the court carefully parsed the list of bad acts and criminal convictions set forth in the People's *Sandoval* application prior to ruling on the application, and we conclude that the court's ruling does not constitute an abuse of discretion (*see People v Nichols*, 302 AD2d 953 [2003], *lv denied* 99 NY2d 657 [2003]; *People v Meli*, 142 AD2d 938, 939 [1988], *lv denied* 72 NY2d 921 [1988]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.