# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1018**
**KA 10-00179**
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

LOGAN D. CRANE, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS OF COUNSEL), FOR RESPONDENT.

------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 22, 2009. The judgment convicted defendant, upon a jury verdict, of falsifying business records in the first degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of falsifying business records in the first degree (Penal Law § 175.10). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Although a different result would not have been unreasonable in light of the conflicting testimony at trial (*see generally id.*), "it cannot be said that the jury failed to give the testimony and the conflicting inferences that may be drawn therefrom the weight they should be accorded" (*People v McLean*, 71 AD3d 1500, 1501, *lv denied* 14 NY3d 890).

Contrary to the further contention of defendant, the verdict finding him guilty of falsifying business records in the first degree is neither repugnant to nor inconsistent with the verdict finding him not guilty of grand larceny in the third degree (*see generally People v Trappier*, 87 NY2d 55, 58-59). "Read as a whole, it is clear that falsifying business records in the second degree is elevated to a first-degree offense on the basis of an enhanced intent requirement[,] . . . not any additional actus reus element" (*People v Taveras*, 12 NY3d 21, 27). Thus, "[t]he jury could . . . convict defendant of falsifying business records if the jury concluded that defendant had the intent to commit or conceal another crime, even if he was not convicted of the other crime" (*People v McCumiskey*, 12 AD3d 1145,

1146; *see People v Houghtaling*, 79 AD3d 1155, 1157-1158).  In any event, grand larceny in the third degree has a monetary threshold (Penal Law § 155.35 [1]), which is an "essential element" that is not an element of falsifying business records in the first degree (*Trappier*, 87 NY2d at 58; *see generally People v Tucker*, 55 NY2d 1, 6-8, *rearg denied* 55 NY2d 1039).

Defendant further contends that County Court erred in refusing to suppress statements that he made to the police on the ground that he was in custody at the time and had not been administered *Miranda* warnings.  We reject defendant's contention that he was in custody when he made the statements.  As the court properly determined, " 'a reasonable person in defendant's position, innocent of any crime, would not have believed that he or she was in custody, and thus *Miranda* warnings were not required' " (*People v Daniels*, 75 AD3d 1169, 1169, *lv denied* 15 NY3d 892; *see generally People v Paulman*, 5 NY3d 122, 129; *People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851).  Although the interview between defendant and the police may be characterized as accusatory in nature (*see People v Lunderman*, 19 AD3d 1067, 1068-1069, *lv denied* 5 NY3d 830; *People v Robbins*, 236 AD2d 823, 824-825, *lv denied* 90 NY2d 863), the record of the suppression hearing establishes that it was not in fact "conducted in a police-dominated atmosphere" (*Robbins*, 236 AD2d at 824).  Indeed, the record establishes that defendant voluntarily agreed to meet with the police detective, who was not in uniform and was operating an unmarked police vehicle; the interview occurred in the parking lot of a store; defendant was not restrained in any manner during the interview; and the detective specifically informed defendant that he "wasn't there to arrest him" (*see People v Semrau*, 77 AD3d 1436, 1437, *lv denied* 16 NY3d 746; *People v Duda*, 45 AD3d 1464, 1466, *lv denied* 10 NY3d 764; *cf. Robbins*, 236 AD2d at 824-825).  "It is well settled that, 'where there are conflicting inferences to be drawn from the proof, the choice of inferences is for the [suppression court.  T]hat choice is to be honored unless unsupported, as a matter of law' " (*Semrau*, 77 AD3d at 1437), which cannot be said here.

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court