People v Boyd (2019 NY Slip Op 06311)





People v Boyd


2019 NY Slip Op 06311


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


642.1 KA 14-00320

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAVON BOYD, DEFENDANT-APPELLANT. 






DONALD R. GERACE, UTICA, FOR DEFENDANT-APPELLANT. 
JAVON BOYD, DEFENDANT-APPELLANT PRO SE.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 25, 2013. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the first degree (three counts), rape in the first degree, strangulation in the second degree, criminal obstruction of breathing or blood circulation (two counts) and assault in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed for criminal sexual act in the first degree under counts 1 through 3 of the indictment to determinate terms of incarceration of six years and a period of postrelease supervision of 20 years, reducing the sentence imposed for rape in the first degree under count 11 of the indictment to a determinate term of incarceration of seven years and a period of postrelease supervision of 20 years, and directing that the sentences in counts 1 through 3 and count 11 run consecutively to each other but concurrently with the sentences imposed on the remaining counts, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]) and one count of rape in the first degree (§ 130.35 [1]). Contrary to defendant's contention in his main brief, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable (see Danielson, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, . . . the jury was justified in finding the defendant guilty beyond a reasonable doubt" (id.; see People v Romero, 7 NY3d 633, 642-643 [2006]). " Great deference is to be accorded to the fact[]finder's resolution of credibility issues based upon its superior vantage point and its opportunity to view witnesses, observe demeanor and hear the testimony' " (People v Gritzke, 292 AD2d 805, 805-806 [4th Dept 2002], lv denied 98 NY2d 697 [2002]; see People v Holmes, 37 AD3d 1042, 1043 [4th Dept 2007], lv denied 8 NY3d 986 [2007]), and we perceive no reason to disturb the jury's credibility determinations here.
Contrary to defendant's further contention in his main brief, County Court did not err in imposing consecutive sentences for the three counts of criminal sexual act in the first degree and the count of rape in the first degree. Consecutive sentences are appropriate where, as here, "the acts or omissions' committed by defendant were separate and distinct acts" (People v Laureano, 87 NY2d 640, 643 [1996]; see People v Stiles, 78 AD3d 1570, 1570 [4th Dept 2010], lv denied 16 NY3d 863 [2011]). We agree with defendant, however, that the aggregate sentence of 60 years, which is statutorily reduced to 50 years (see Penal Law § 70.30 [1] [c], [e] [vi]), is unduly [*2]harsh and severe. Defendant has no prior felony convictions. In addition, the People offered, and the court committed to, a plea deal pursuant to which defendant would plead guilty to one count of criminal sexual act in the first degree and be sentenced to a determinate term of 10 years' incarceration with 20 years' postrelease supervision, which was thereafter reduced to a determinate term of nine years' incarceration with 20 years' postrelease supervision. The court nevertheless sentenced defendant upon his conviction to determinate terms of 15 years of incarceration with 20 years' postrelease supervision for the three counts of criminal sexual act in the first degree and the count of rape in the first degree, all to run consecutively. That aggregates to a sentence that is more than six times longer than that of the most recent plea offer, and we conclude that it is unduly harsh and severe (see generally People v Morales, 160 AD3d 1414, 1420 [4th Dept 2018], lv denied 32 NY3d 939 [2018]). We therefore modify the sentence as a matter of discretion in the interest of justice by reducing the sentences imposed for the three counts of criminal sexual act in the first degree to determinate terms of six years' incarceration with 20 years' postrelease supervision and by reducing the sentence imposed for rape in the first degree to a determinate term of seven years' incarceration with 20 years' postrelease supervision, all to run consecutively to each other but concurrently with the remaining counts, for an aggregate sentence of 25 years' incarceration (see CPL 470.15 [6] [b]; Penal Law §§ 70.02 [1] [a]; [3] [a]; 70.45 [2-a] [f]; 70.80 [6]).
In his pro se supplemental brief, defendant contends that the indictment should be dismissed because it was multiplicitous. That contention is not preserved for our review (see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]), and it is without merit in any event. An indictment is multiplicitous "when a single offense is charged in more than one count" (People v Alonzo, 16 NY3d 267, 269 [2011]). Defendant was charged with three counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]) but, as noted earlier, each count was based on a separate and distinct act and thus the counts were not multiplicitous (see People v Hernandez [Marlon], 171 AD3d 791, 792-793 [2d Dept 2019]; People v Brandel, 306 AD2d 860, 860 [4th Dept 2003]). Contrary to defendant's further contention in his pro se supplemental brief, he received effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant's remaining contention in his pro se supplemental brief is that the court should have dismissed a juror who had fallen asleep during the trial. Defendant never moved to discharge that juror, and thus his contention is not preserved for our review (see People v Armstrong, 134 AD3d 1401, 1401 [4th Dept 2015], lv denied 27 NY3d 962 [2016]; People v Phillips, 34 AD3d 1231, 1231 [4th Dept 2006], lv denied 8 NY3d 848 [2007]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court