EDITH BLOCK, Formerly Known as EDITH NELSON, Respondent, v STANLEY NELSON, Appellant.

First Department, December 20, 1979

510

## APPEARANCES OF COUNSEL

*Michael I. Solomon (Reich & Solomon,* attorneys), for appellant.

*Richard Steel* for respondent.

## OPINION OF THE COURT

MURPHY, P. J.

█ It is well established that review by this court is limited by the record on appeal and the court is bound by the certified record on appeal. Matter contained in the briefs, not properly presented by the record, is not to be considered by this court (*Mulligan v Lackey,* 33 AD2d 991, 992). With these rules in view, the appendix at the end of plaintiff's brief will be disregarded on this appeal. Likewise, those points in plaintiff's brief with no factual basis in the record will be rejected.

The record indicates that, by order to show cause dated October 16, 1978 and returnable November 2, 1978, plaintiff sought to recover alimony and child support arrears under a judgment of divorce and a separation agreement, incorporated but not merged in that judgment. For purposes of this appeal, it is unnecessary to detail the alimony and child support which the defendant was required to pay under the separation agreement and the judgment. Suffice it to say that custody of the three children was given to the plaintiff with liberal visitation privileges accorded the defendant. In her moving affidavit, plaintiff requested total arrears of $18,062.84 for alimony and child support.

The record also reveals that, by order to show cause dated December 22, 1978 and returnable December 26, 1978, defendant cross-moved to modify the judgment of divorce with regard to the custody and child support provisions. The order to show cause directed that a note of issue be submitted to Special Term, Part V "no later than noon prior to return date". In his affidavit, defendant stated that he and the plaintiff had orally agreed to transfer custody and support of their two sons to him. Defendant asserted that both sons had been living with him and had been supported by him for varying periods of time. Defendant contended that, therefore, no moneys for child support of the sons were due under the separation agreement or the judgment of divorce from the time he had assumed custody of them. The defendant did admit that he reduced alimony payments because plaintiff, *inter alia,* failed to spend support payments on the children as was her obligation under the separation agreement and judgment of divorce. Defendant further maintained that the parties' daughter, who was still living with the plaintiff, had her life seriously disrupted by plaintiff's second marriage and relocation to California. The defendant averred that the plain-

tiff's removal of the daughter to California totally adversely affected the daughter's life. To that point in time, the daughter's upbringing had been in the greater New York City area. It was the defendant's position that custody of the three children should be awarded to him as a result of plaintiff's disinterest in their welfare, and that the support provisions should be modified accordingly.

The court at Special Term, Part V, found that there was not a cross motion on the calendar and no notice of motion served for such cross motion. Consequently Special Term treated defendant's papers solely as opposing papers to the motion in chief. Special Term then determined that defendant's indirect voluntary payments to his children could not be offset against his obligations under the judgment of divorce that required direct payment to the plaintiff. The latter was thus permitted to enter judgment in the sum of $18,062.84. The remainder of Special Term's decision is not relevant to this appeal and will not be set forth in this opinion.

The record does not indicate whether the plaintiff accorded the defendant any adjournments or whether defendant actually filed a note of issue for the cross motion. In its decision, Special Term did not comment on those matters nor did it discuss the applicability, if any, of 22 NYCRR 660.8 (a) (7) and 660.8 (b) (3). These matters are raised in plaintiff's brief for the first time and will not be considered on this appeal.

■ Nonetheless, an appellant, such as defendant, who submits an appeal on an incomplete record must abide by the consequences. (Kahn v City of New York, 37 AD2d 520, 521, affd 30 NY2d 690.) Since the defendant has not pointed to any proof in the record showing that a note of issue was filed or that the cross motion was otherwise on the calendar, this court will not disturb Special Term's finding that the cross motion was not on the calendar. While sustaining Special Term's decision in that regard, this opportunity will be taken to correct a misstatement in the decision. Special Term erroneously stated that no notice of motion was served for the cross motion. The affidavit of service in the record indicates proper and timely service of the order to show cause, dated December 22, 1978.

■ Plaintiff also avers that the order to show cause, dated October 16, 1978, contained a provision under CPLR 2214 (subd [b]) that answering affidavits must be served upon her attorney five days before the return date of the motion.

Hence, plaintiff contends that Special Term was justified in rejecting the cross motion. CPLR 2214 (subd [d]) permits a court in a proper case to grant an order to show cause, to be served in lieu of a notice of motion, at a time and in the manner to be specified in that order.

■ ■ Thus, if the circumstances warrant it, a court may permit the service of a cross motion on four days' notice (see, generally, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2214.04, p 22-89). It is not apparent from this record what facts were brought to the attention of the court issuing the order to show cause, dated December 22, 1978. As a result, there is no way to determine whether the issuing court abused its discretion in making that order to show cause returnable on only four days' notice. Likewise, because of the factual deficiency of the record, this court cannot intelligently pass upon the issue of whether the plaintiff had a fair opportunity to answer the cross motion.

■ In light of the fact that the cross motion was not on the calendar, Special Term acted within its authority in rejecting the cross motion. However, Special Term acted inconsistently in considering defendant's papers in opposition to the motion in chief. To be consistent, Special Term should have accepted or rejected defendant's papers in their entirety. Since Special Term chose to consider the merits of defendant's papers, we shall do the same on this appeal.

■ A separation agreement or judgment of divorce may be modified by a subsequent oral agreement that must be fully executed or so acted upon so that enforcement of the original agreement or the judgment of divorce would be inequitable (*Clurman v Clurman,* 84 Misc 2d 148, 154, affd 51 AD2d 915; *Benjamin v Benjamin,* 70 AD2d 813). In his affidavit, defendant raised a triable issue as to whether the parties did reach a subsequent oral understanding that, prospectively, the defendant would have custody and would provide support for the parties' two sons. Defendant's affidavit would also suggest that this oral understanding was executed insofar as he actually sheltered and supported the sons. The record does not contain any response by plaintiff to defendant's allegations nor does it reveal whether plaintiff even had a fair opportunity to respond. Plaintiff will be given a full opportunity to respond at the hearing now ordered.

■ With regard to the custody issue, the law is clear that the welfare of the children is the paramount concern of any

court. A substantial change of circumstances after an initial award of custody may warrant a transfer of custody from one parent to the other. *(Ingalls v Ingalls,* 58 AD2d 1039.) In his affidavit, defendant has challenged the plaintiff's fitness to be the custodial parent. If true, his charges would suggest that the plaintiff may have lost her interest in the welfare and the development of the three children. The custody issue will be fully explored at the ordered hearing.

■ ■ Summarizing, Special Term should determine at the hearing whether the parties entered into a subsequent oral agreement with regard to the custody and support of their sons. If the parties did, the separation agreement and the judgment of divorce will be modified as the facts may warrant. If appropriate, Special Term should prorate defendant's financial responsibility for child support of the sons according to the terms of that oral agreement. Special Term should also fully explore whether the plaintiff has misapplied any of the child support payments or has received more than her fair share of the moneys due under the separation agreement and the judgment of divorce. If necessary, the court should make such adjustments to the alimony and support arrears, allegedly due, as are proper under all the circumstances. Special Term should thoroughly address the issue of whether the custody of the three children should be turned over to the defendant.

Accordingly, the judgment of the Supreme Court, New York County (BLYN, J.), entered January 17, 1979, which awarded the plaintiff the sum of $19,180.97 against the defendant, should be reversed, on the law, and the matter should be remanded for a hearing in accordance with this opinion, without costs.

FEIN, SULLIVAN and ROSS, JJ., concur; KUPFERMAN, J., concurs in result only.

Judgment, Supreme Court, New York County, entered on January 17, 1979, reversed, on the law, and vacated, without costs and without disbursements, and the matter remanded for a hearing in accordance with the opinion of this court filed herein.