■ In the Matter of JEROLD JABBAR L., a Person Alleged to be a Juvenile Delinquent.—Order unanimously affirmed without costs. Memorandum: The court did not abuse its discretion in ordering restrictive placement for respondent for a period of six months. Family Court Act § 353.5 (2) provides:

"In determining whether a restrictive placement is required, the court shall consider:

"(a) the needs and best interests of the respondent;

"(b) the record and background of the respondent, including but not limited to information disclosed in the probation investigation and diagnostic assessment;

"(c) the nature and circumstances of the offense, including whether any injury was inflicted by the respondent or another participant;

"(d) the need for protection of the community; and

"(e) the age and physical condition of the victim."

The written decision of Family Court clearly complies with the statutory mandate. Respondent's present offense, a designated felony pursuant to Family Court Act § 301.2 (8) (vi), was committed while respondent was still under aftercare services from the Division for Youth because of the commission of a prior felony. The court concluded that restrictive placement was needed because "[r]espondent must change his behavior so that his escalating pattern of anti-social conduct be stopped". We agree.

We find no error in the failure of the police to notify respondent's parents when he was initially taken into custody and returned to the scene of the crime for identification purposes (Family Ct Act § 305.2). Respondent was observed by the police in close proximity to the crime, fled when spoken to by the officer, was pursued and caught quickly, and his return to the scene of the crime for possible identification was prompt. After he was identified, he was arrested. No claim is made that respondent's parents were not called immediately after he was arrested. The actions of the police in this case were reasonable. There was no reason to suppress the evidence of the out-of court identification (see, Matter of Emilio M., 37 NY2d 173, 176).

We have examined the remaining issue raised by respondent and find it to be without merit. (Appeal from order of Monroe County Family Court, Mass, J.—juvenile delinquency.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.