■ In the Matter of LEONARDO Q., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of Disposition, Family Court, Bronx County (Mary Bednar, F.C.J.), entered on March 7, 1989, which adjudicated appellant a juvenile delinquent after finding that he committed acts which, if committed by an adult, would constitute the crimes of robbery in the first degree, assault in the first degree, robbery in the second degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, and which placed him, upon a designated felony finding, for a period of three years in the custody of the New York State Division for Youth for confinement in a Title III secure facility for six months' secure and six months' residential placement, unanimously affirmed, without costs.

We reject appellant's contention that the restrictive placement imposed upon him pursuant to Family Court Act § 353.5 (3), as a result of his active participation, with his cousin, in the robbery of a 67 year old complainant who sustained a fractured hip as a result thereof, violated appellant's equal protection rights or constituted cruel and unusual punishment under the United States or New York State Constitutions.

Initially, it should be noted that this Court cannot properly review appellant's claims on appeal due to appellant's failure to provide the minutes of the fact-finding and dispositional hearings as part of the record on appeal. *(People v Olivo,* 52 NY2d 309, 320, *rearg denied sub nom. People v Gasparik,* 53

NY2d 797; *Block v Nelson,* 71 AD2d 509, 512.) Moreover, appellant has failed to preserve his equal protection claim, as a matter of law, for appellate review. *(People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914.)

Finally, the mandatory restrictive placement of a juvenile pursuant to Family Court Act § 353.5 (3) neither violated appellant's rights to equal protection under the law nor constituted cruel and unusual punishment since it was rational for the Legislature to have afforded juveniles who commit crimes of violence against the elderly disparate treatment from those who perpetrate crime against the general populace. *(Matter of Quinton A.,* 49 NY2d 328, 332; *People v Jones,* 39 NY2d 694, 697.)

In any event, appellant's challenge to the restrictive portion of his placement, and attempt to receive a probationary term in lieu of secure placement, has been rendered moot by the fact that the appellant has already completed the two six-month periods in secure and residential placement directed in the dispositional order. *(See, Matter of Barbara C.,* 64 NY2d 866.) Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.