■ In the Matter of DAVID B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition, Family Court, New York County (Michael Gage, J.), entered September 13, 1991, which, upon a fact-finding order entered August 23, 1991, after a hearing, found that appellant had committed a crime which, if committed by an adult, would constitute criminal possession of a controlled substance in the third degree, adjudicated him a juvenile delinquent and placed him in the custody of the New York State Division for Youth, Title III facility for a period up to five years with a minimum of eighteen months in restrictive placement, unanimously affirmed, without costs.

The court did not abuse its discretion in ordering restrictive placement herein based upon the needs and best interests of appellant, his record and background, the specifics of the offense, the age and physical condition of victim, and the community's need for protection (Family Ct Act § 352.2 [2] [a]; § 353.5). Three prior less restrictive placements had failed to stem appellant's persistent history of drug trafficking. Further, the present offense was committed while appellant was still receiving aftercare services from the Division for Youth (see, Matter of Jerold Jabbar L., 147 AD2d 928, affd 76 NY2d 721, cert denied sub nom. Love v Monroe County Presentment Agency, 498 US 923). While no specific recommen-

dation for restrictive placement was made, the professionals testifying suggested placement in a highly structured secure facility for a specific period of time to provide appellant with sufficient counseling and vocational training to allow him to adopt a more constructive pattern of behavior. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.