■ MURRAY STARK et al., Individually and as General and Limited Partners of 187 CONCOURSE ASSOCIATES, LLP, Respondents, v BURTON A. GOLDBERG et al., Appellants. [739 NYS2d 692] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered November 8, 2000, which, insofar as appealed from, granted the motion by plaintiffs, individually and as general and limited partners of defendant 187 Concourse Associates,

for reargument of a prior order, entered on or about November 8, 1999, granting defendants' "informal cross-request" for summary judgment dismissing the complaint, and which, upon reargument, reinstated the complaint, unanimously reversed, on the law, without costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

The complaint asserts a derivative action on behalf of the limited partnership, alleging mismanagement by one of the general partners. Plaintiffs are without standing to maintain this cause of action and, to the extent that the complaint seeks dissolution of the limited partnership, it is moot.

As both limited and general partners of 187 Concourse Associates, plaintiffs have the powers of general partners, except as to the valuation of their interests as limited partners (Partnership Law § 101 [2]). Specifically, "[a] person who is a general, and also at the same time a limited partner, shall * * * be subject to all the restrictions of a general partner," subject to the stated exception (id.). Notably, none of the other limited partners has joined in this derivative action, which the law requires to be brought by at least one person having such status, both at its commencement and at the time of the transaction complained of (Partnership Law § 115-a [1], [2]). This requirement is only logical as a plaintiff, acting in the capacity of limited partner, should not be able to bring a complaint against himself, in the capacity of general partner.

Plaintiffs may not proceed in the absence of standing. As stated in *Matter of Eaton Assoc. v Egan* (142 AD2d 330, 334-335 [Levine, J.]), "Standing goes to the jurisdictional basis of a court's authority to adjudicate a dispute" (citing *Allen v Wright*, 468 US 737, 750-751; *see, Matter of New York State Inspection, Sec. & Law Enforcement Empls. v Cuomo*, 64 NY2d 233, 241 n 3). Therefore, the derivative action is properly subject to sua sponte dismissal despite the lack of any assertion by defendants of an objection to plaintiffs' standing (*Axelrod v New York State Teachers' Retirement Sys.*, 154 AD2d 827, 828).

The grievances sought to be litigated involve plaintiffs' rights as general partners to control the operation of the partnership asset, specifically the power to discharge the managing agent of the property. This is all the more apparent from the similarity of the causes of action stated in this derivative action to those advanced in a 1995 action, commenced directly in the name of the partnership (*187 Concourse Assoc. v Stonecrest Mgt.*, Westchester County Index No. 8224/95, Bronx County Index No. 1242/96). On appeal of that action, this Court found

a question as to whether a super-majority voting provision had been superseded (238 AD2d 179). The direct action has neither been adjudicated nor discontinued.

As a separate matter, defendants claim that Harry M. Wiles, one of the two plaintiffs, was "incompetent and institutionalized" at the time suit was commenced and that he therefore could not have authorized the action. Mr. Wiles died during the pendency of this matter, and defendants point out that the surviving plaintiff, Murray Stark, holds only a 45% interest in the partnership and lacks authority to maintain a direct action, even absent a super-majority voting provision.

The limited partnership certificate contained in the record does not provide for the continuation of operations following the death of a general partner. It is a settled rule of appellate practice that the Court is bound by the record (*Block v Nelson*, 71 AD2d 509), to which review is confined. As stated by the Appellate Division, Second Department, "appellate review is limited to the record made at nisi prius and, absent matters which may be judicially noticed, new facts may not be injected at the appellate level" (*Broida v Bancroft*, 103 AD2d 88, 93 [Titone, J.], citing *People ex rel. Martinez v Walters*, 99 AD2d 476, 477, *appeal dismissed* 63 NY2d 727; *Block v Nelson, supra*; *Matter of Wish Realty Corp. v Starr*, 56 AD2d 656). Thus, the partnership is terminated by operation of law (Partnership Law § 62 [4]), and the surviving partners are consigned to winding up its affairs (Partnership Law § 68). Litigation of any dispute should await an accounting of their interests (Partnership Law §§ 43, 44). "It is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts" (*Kriegsman v Kraus, Ostreicher & Co.*, 126 AD2d 489, 490 [citing *St. James Plaza v Notey*, 95 AD2d 804]). Concur—Tom, J.P., Andrias, Buckley, Rubin and Friedman, JJ. [Recalled and vacated 297 AD2d — (Aug. 1, 2002).]