In the Matter of BRIAN S.M., an Infant, Appellant. WAYNE COUNTY ATTORNEY, Respondent. [764 NYS2d 755] —Appeal from an order of Family Court, Wayne County (Keenan, J.), entered December 19, 2001, which adjudged that respondent is a juvenile delinquent and placed him under probation supervision for a 24-month period.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent was adjudicated a juvenile delinquent based on Family Court's finding that he committed acts that, if committed by an adult, would constitute the crime of sexual abuse in the first degree (Penal Law § 130.65 [3]). At the fact-finding hearing, petitioner offered in evidence respondent's statement containing admissions to the acts alleged in the petition and the transcript of a colloquy between the court and a co-respondent. Respondent's attorney stipulated those documents into evidence, and petitioner rested. In a juvenile delinquency proceeding, as in a criminal court proceeding, admissions of respondents as well as statements of accomplices must be corroborated (*see* Family Ct Act § 343.2 [1]; § 344.2 [3]; *see also* CPL 60.22 [1]; 60.50). Here, respondent's admissions were corroborated by the colloquy of the co-respondent, and that colloquy, which took the place of live testimony, was corroborated by respondent's admissions (*see People v Burgin,* 40 NY2d 953, 954 [1976]; *see also People v Manzi,* 292 AD2d 849 [2002], *lv denied* 98 NY2d 653 [2002]; *People v Dawson,* 249 AD2d 977, 978 [1998], *lv denied* 93 NY2d 872 [1999]). We thus conclude that the finding of delinquency

is supported by legally sufficient evidence, and we further conclude that it is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Schenk*, 294 AD2d 914 [2002], *lv denied* 98 NY2d 702 [2002]).

We reject the contention of respondent that he was denied effective assistance of counsel based on his Law Guardian's failure to move to dismiss the petition for lack of corroborative evidence. Respondent has failed to demonstrate the absence of strategic or other legitimate explanations for the Law Guardian's failure to argue that ground in moving to dismiss the petition (*see People v Rivera*, 71 NY2d 705, 709 [1988]). "[T]he record establishes that, viewed in the totality of the proceedings, [respondent] received meaningful representation by his Law Guardian" (*Matter of Jeffrey V.*, 82 NY2d 121, 126 [1993]; *see generally People v Baldi*, 54 NY2d 137, 146-147 [1981]). Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Kehoe, JJ.