■ In the Matter of LAMAR J.F., Appellant. YATES COUNTY ATTORNEY, Respondent. [778 NYS2d 369]—Appeal from an order of the Family Court, Yates County (W. Patrick Falvey, J.), entered October 22, 2002. The order adjudged respondent to be a juvenile delinquent and placed him in the custody of the New York State Division for Youth for a period of three years.

It is hereby ordered that said appeal from the order insofar as it concerned restrictive placement be and the same hereby is unanimously dismissed and the order is affirmed without costs.

Memorandum: Based on a finding that respondent had committed acts that, if committed by an adult, would constitute the designated felony of sodomy in the first degree as well as the

crimes of sexual abuse in the second degree, sexual misconduct, and endangering the welfare of a child, Family Court adjudged respondent to be a juvenile delinquent. The court determined that respondent required "restrictive placement" pursuant to Family Ct Act § 353.5 based on his commission of a designated felony and placed him in the custody of the State Division for Youth for confinement in a secure facility for an initial period of six months, followed by placement in a residential facility for no more than 12 months thereafter. Contrary to the contention of respondent, the court conducted a proper dispositional hearing prior to placing him in a secure facility. Respondent's further challenge to the restrictive placement has been rendered moot by the expiration of both the initial six-month confinement in a secure facility and the ensuing period of no more than 12 months of placement in a residential facility (*see Matter of Joseph Y.Y.*, 306 AD2d 584, 585 [2003]; *Matter of Mark J.*, 259 AD2d 40, 43-44 [1999]; *Matter of Leonardo Q.*, 171 AD2d 563, 564 [1991]). In any event, we conclude that the court properly ordered a restrictive placement of respondent based upon the factors listed in Family Ct Act § 353.5 (2) (*see Matter of Noel M.*, 240 AD2d 231 [1997]; *Matter of Kristi L.M.*, 197 AD2d 903, 904 [1993]; *Matter of David B.*, 186 AD2d 352 [1992]).

We similarly reject the contention of respondent that he was denied effective assistance of counsel at the dispositional stage. Based upon our review of the record, we conclude that the Law Guardian provided meaningful representation (*see Matter of Jeffrey V.*, 82 NY2d 121, 126-127 [1993]; *Matter of James G.*, 309 AD2d 935, 936-937 [2003]; *Matter of Brian S.M.*, 309 AD2d 1224, 1225 [2003]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.