In the Matter of CHRISTOPHER QQ., a Person Alleged to be a Juvenile Delinquent. CHEMUNG COUNTY ATTORNEY, Respondent; CHRISTOPHER QQ., Appellant. [834 NYS2d 741]—

Rose, J. Appeal from two orders of the Family Court of Chemung County (Hayden, J.), entered June 16, 2006 and June 22, 2006, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

The petition in this proceeding charged respondent (born in 1990) with 15 counts of criminal sexual misconduct as a result of his sexual contact with a nine-year-old girl and an eight-year-old boy while he was babysitting them on several occasions in August 2005. After Family Court denied his motion to suppress his statements to police, respondent admitted to two counts of the petition both of which charged him with engaging in oral sexual conduct with a person less than 11 years of age. Based on these admissions, Family Court found respondent to be a juvenile delinquent who had committed a "designated felony act" (Family Ct Act § 301.2 [8] [ii]). After a dispositional hearing, the court ordered a three-year restrictive placement with the Office of Children and Family Services, including not less than six months confinement in a secure facility. Respondent now appeals, challenging Family Court's suppression ruling and his placement.

Despite respondent's contention that his oral and written statements should have been suppressed because his parents were not present during the questioning, we are unpersuaded. As respondent concedes, he had turned 16 years of age before he was questioned by a State Police investigator at his school. Inasmuch as Family Ct Act § 305.2 imposes additional obligations upon police only when a child under the age of 16 years is taken into custody (see Family Ct Act § 305.2 [2]), the police were not required to contact respondent's parents (see Matter of Manuel B., 4 Misc 3d 722, 725 [2004]). Nor is there any evidence of coercion here.

Respondent also contends that, in light of his positive academic record, lack of prior criminal record and potential for re-

habilitation, Family Court improperly ordered him into a restrictive placement. Our review of the record indicates, however, that Family Court properly considered all of the relevant statutory factors (*see* Family Ct Act § 353.5 [2]) and simply gave more weight to the seriousness of respondent's offenses, their negative impact on the young victims, and the need to deter him and protect the community.

Specifically, the record reflects that respondent used his position of trust and authority as the young victims' babysitter to have sexual contact with them at least once per week throughout the summer of 2005, and he drew them into participating by initiating card games with them and then escalating the stakes. Respondent also used a computer to expose the children to pornography, directed them to have sexual contact with each other and intimidated them with threats. The report of an experienced licensed clinical social worker, who interviewed respondent and assessed his risk of reoffense as moderate, indicates nevertheless that he had similarly victimized a third female child. The report also notes several significant additional factors. These include respondent's persisting sexual interest in prepubescent male and female children, his ability to convince himself to engage in such behavior without considering the potential harm, the number of his victims, the number of occasions in which he engaged in sexual contact with them and the variety of sexual acts in which he engaged. Significantly, the social worker observed that respondent had no sincere empathy for his victims, he denied certain incriminating aspects of his conduct even though he had previously admitted them and he admittedly continued to have sexual fantasies about young children. The social worker also concluded that respondent does not have the personal controls necessary to curb his urges in the future. Further, there was ample evidence of the negative emotional and psychological impacts on the young victims, which were readily perceived by Family Court. Under these circumstances, we conclude that Family Court did not abuse its broad discretion in imposing a restrictive placement (*see Matter of Lamar J.F.*, 8 AD3d 1091, 1092 [2004]; *Matter of Mickie PP.*, 228 AD2d 847, 848 [1996]; *Matter of Ralph D.*, 163 AD2d 752, 754-755 [1990]).

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.