■ In the Matter of DWAYNE J.R., JR., Appellant. CHAUTAUQUA COUNTY ATTORNEY, Respondent. [875 NYS2d 734]—

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered April 9, 2008 in a proceeding pursuant to Family Court Act article 3. The order, inter alia, placed respondent in the custody of the New York State Office of Children and Family Services for a period of five years.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudicating him to be a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of murder in the second degree (Penal Law § 125.25 [1]). Family Court conducted a dispositional hearing and determined that petitioner established by a preponderance of the evidence that respondent required a restrictive placement (*see* Family Ct Act § 353.5 [1]). We reject respondent's contention that the court abused its discretion in failing to order a less restrictive placement (*see Matter of Christopher QQ.*, 40 AD3d 1183, 1184 [2007]). The court properly considered the background of the 14-year-old respondent; his need for intensive psychotherapy, supervision and educational services; the particularly brutal and violent nature of the murder; the need for the protection of the community in light of the unexpected nature of respondent's actions; and the willing participation of respondent in the murder of the 18-year-old victim, whom he did not know (*see* Family Ct Act § 353.5 [2]; *Christopher QQ.*, 40 AD3d at 1184; *Matter of Lamar J.F.*, 8 AD3d 1091 [2004]). Inasmuch as the court determined that a restrictive placement was warranted and that respondent committed an act that, if committed by an adult, would constitute a class A felony, the court properly ordered an initial placement in the custody of the New York State Office of Children and Family Services for a period of five years (*see* Family Ct Act § 353.5 [4] [a] [i]), and did not abuse its discretion in directing that respondent initially be confined in a secure facility for a period of 18 months (*see* § 353.5 [4] [a] [ii]). We note that the court reduced the initial period of secure confinement by the period of time respondent

spent in juvenile detention, which was approximately three months. Present—Martoche, J.P., Centra, Carni and Gorski, JJ.