OPINION OF THE COURT
Memorandum.
Order reversed, on the law, accusatory instrument reinstated, and matter remitted to the Justice Court for all further proceedings thereon.
After defendant was charged with unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 509 [1]), the Justice Court, sua sponte, dismissed the accusatory instrument on the ground that Vehicle and Traffic Law § 502 (1) and § 509 (1), insofar as they require identity documentation as a condition of the issuance of a driver’s license, are unconstitutional as applied to defendant. The court reasoned that because defendant, a noncitizen and “presumably here illegally,” cannot satisfy the identification requirements promulgated by the Commissioner of Motor Vehicles, the requirements deny defendant a property right necessary to his economic well-being and violate defendant’s rights under the Due Process, Equal Protection, and Privileges and Immunities Clauses, as well as the Tenth Amendment of the United States Constitution. The People appeal and we reverse.
While a person may generally challenge the constitutionality of a statute he or she is alleged to have violated (People v Lopez, 6 NY3d 248, 255 [2006]), and a driver’s license is “a substantial property interest that may not be deprived [or withheld] without due process of law” (Pringle v Wolfe, 88 NY2d 426, 431 [1996], citing Bell v Burson, 402 US 535, 539 [1971]), the constitutional issues raised in the order were not properly before the Justice Court.
The Justice Court should not have raised the constitutional issues, sua sponte, in the absence of evidence showing that this defendant has standing to advance the complaints raised on his behalf by the court. The record does not contain any indication that defendant is an undocumented alien. Further, the record does not indicate that defendant ever applied for a driver’s license and, even assuming that he did apply and was denied a license, that the grounds for the denial were unrelated to age, the ability to pass the visual, written and performance test requirements (see generally Vehicle and Traffic Law § 502 [l]-[4]; Regs of Commissioner of Motor Vehs [15 NYCRR] §§ *31 3.3-5.10), or some other civil or physical impediment to obtaining a license that is unrelated to the constitutional issues herein raised, much less that the denial was, in fact, based on his failure to produce the required documentation. “It is axiomatic that there is no standing to complain where an alleged defect in or violation of a statute does not injure the party seeking redress” (Matter of Sarah K. 66 NY2d 223, 240 [1985]), and “[a]s a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations” (County Court of Ulster Cty. v Allen, 442 US 140, 155 [1979]; see also Lujan v Defenders of Wildlife, 504 US 555, 560 [1992]). “Standing goes to the jurisdictional basis of a court’s authority to adjudicate a dispute” (Stark v Goldberg, 297 AD2d 203, 204 [2002], quoting Matter of Eaton Assoc. v Egan, 142 AD2d 330, 334-335 [1988]).
Additionally, even assuming, arguendo, that defendant had standing to raise the constitutional issues, the Justice Court was required to direct that notification of the pendency of constitutional questions be given to the Attorney General and afford the Attorney General the opportunity to intervene (Executive Law § 71; CPLR 1012 [b] [1], [3]; see e.g. People v Whitehead, 46 AD3d 715 [2007]). On point here is Jefferds v Ellis (122 AD2d 595 [1986]), where it was held error for the lower court to have passed upon the constitutionality of state statutes without notice to the Attorney General, a failure which was held to preclude the appellate court from reaching the issue.
Accordingly, the order is reversed, the accusatory instrument reinstated, and the matter remitted to the Justice Court for all further proceedings thereon.
Rudolph, EJ., Scheinkman and LaCAVA, JJ, concur.