# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1480**
**CAF 11-01752**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF DALTUN A.B.
----------------------------------------
STEUBEN COUNTY DEPARTMENT OF SOCIAL                    MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

DANIEL B., JR., RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.

ALAN P. REED, COUNTY ATTORNEY, BATH (CRAIG A. PATRICK OF COUNSEL), FOR PETITIONER-RESPONDENT.

SALLY A. MADIGAN, ATTORNEY FOR THE CHILD, BATH, FOR DALTUN A.B.

---

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered August 10, 2011 in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from three orders terminating his parental rights with respect to each of his three children upon a finding of severe abuse arising from his conviction of the murder of their mother (*see* Social Services Law § 384-b [4] [e]; [8] [a] [iii] [A]). Based on that finding, Family Court conducted a dispositional hearing and concluded that the best interests of the children required that they be placed for adoption.

Preliminarily, we take judicial notice that the father has filed a notice of appeal from the judgment convicting him of murder. Contrary to the father's contention, however, his attorney's failure to seek a stay of the Family Court proceedings based upon the pendency of such appeal does not constitute ineffective assistance of counsel. Because an order terminating parental rights on the ground that such parent was convicted of murdering the other parent may be affirmed notwithstanding the pendency of an appeal challenging such conviction (*see* Social Services Law § 384-b [8] [a] [iii] [A]; CPL 1.20 [13]; *see e.g. Matter of Brendan N.*, 79 AD3d 1175, 1179, *lv denied* 16 NY3d 735), there is no merit to the premise upon which the father's ineffective assistance contention is based, namely, that Family Court would have been required to stay these proceedings due to the pendency of his

criminal appeal had his attorney simply moved for such relief. As such, the father's attorney "cannot be deemed ineffective for [having] fail[ed] to make a motion . . . that [wa]s unlikely to [have] be[en] successful" (*Matter of Jamaal NN.*, 61 AD3d 1056, 1058, *lv denied* 12 NY3d 711; *see Matter of Kenneth L. [Michelle B.]*, 92 AD3d 1245, 1246). Furthermore, during the dispositional phase of the Family Court proceedings, the father's attorney unequivocally stated that the father did not oppose the termination of his parental rights. Thus, the "allegation that counsel's failure to [seek a stay] was an error-as opposed to a strategic decision made by counsel not to pursue the matter-is speculative" (*Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1104; *see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352, *lv denied* 7 NY3d 717; *Matter of Brian S.M.*, 309 AD2d 1224, 1225).

Entered:  February 1, 2013                      Frances E. Cafarell
                                                Clerk of the Court