Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about January 17, 2012, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts that, if committed by an adult, would constitute the crimes of rape in the first and third degrees, sexual abuse in the first degree, sexual misconduct and forcible touching, and placed him in the custody of the Office of Children and Family Services for a period of 3 years, with the first 12 months to be in a secure facility and without credit for time spent in detention, unanimously affirmed, without costs.
The court properly exercised its discretion in ordering restrictive placement pursuant to Family Court Act § 353.5. This disposition was warranted by, among other things, the seriousness of the offense and appellant’s history of recidivism and violence (see e.g. Matter of Shamel R., 68 AD3d 425 [1st Dept 2009]). We note that while awaiting disposition of this case, appellant reached the age of 16 and was convicted in Supreme Court of another sex offense. Although a psychologist and psychiatrist who evaluated appellant both recommended that he not receive restrictive placement, they nevertheless recommended that he be placed in a highly structured environment outside the community, with various services including sex offender treatment (see Matter of David B., 186 AD2d 352, 352-353 [1st Dept 1992]), which the court properly concluded would best be provided in restrictive placement.
The court properly exercised its discretion when it denied appellant’s belated request for an adjournment to call the psychologist and the psychiatrist to testify, since their testimony would have been cumulative, in light of their reports, which were admitted into evidence (see Matter of Anthony M., 63 NY2d 270, 283-284 [1984]). Concur — Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.