# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1409**
**CAF 13-01705**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF AMIR S., RESPONDENT-APPELLANT.

--------------------------------------------------    MEMORANDUM AND ORDER

MONROE COUNTY ATTORNEY, PETITIONER-RESPONDENT.

---

ROBERT A. DINIERI, ATTORNEY FOR THE CHILD, CLYDE, FOR
RESPONDENT-APPELLANT.

MERIDETH H. SMITH, COUNTY ATTORNEY, ROCHESTER (BRETT GRANVILLE OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an amended order of the Family Court, Monroe County
(Joseph G. Nesser, J.), entered September 6, 2012 in a proceeding
pursuant to Family Court Act article 3.  The amended order, among
other things, adjudged that respondent is a juvenile delinquent and
placed him in the custody of the New York State Office of Children and
Family Services for a period of three years.

It is hereby ORDERED that the amended order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent appeals from an amended order
adjudicating him to be a juvenile delinquent based upon the finding
that he committed acts that, if committed by an adult, would
constitute the crimes of rape in the first degree (Penal Law § 130.35
[3]), criminal sexual act in the first degree (§ 130.50 [3]), and
sexual abuse in the first degree (§ 130.65 [3]).  Contrary to
respondent's contention, Family Court properly determined that he
required a restrictive placement (*see* Family Ct Act § 353.5 [1]).  In
making that determination, the court properly considered the
seriousness of the crime, respondent's need for therapy in conjunction
with his failure to admit to his actions in the instant case,
respondent's lack of support and adequate supervision at home, the
need to protect the community in light of respondent's aggressive and
inappropriate sexual behavior toward others at school, and his series
of mental hygiene arrests (*see* § 353.5 [2]; *Matter of Joseph G.*, 78
AD3d 1700, 1700-1701; *Matter of Lamar J.F.*, 8 AD3d 1091, 1092; *see
also Matter of Christopher QQ.*, 40 AD3d 1183, 1184).  We conclude that
"[t]he order of disposition 'reflects an appropriate balancing of the
needs of [respondent] and the safety of the community' " (*Matter of
Noel M.*, 240 AD2d 231, 231).

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court