James Donohue, Appellant, 
against
90 North 5th Street, LLC, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), entered January 30, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $5,000.
In this small claims action, plaintiff, who purchased a condominium unit from defendant, the sponsor of the condominium, seeks to recover the principal sum of $5,000. At a nonjury trial, plaintiff testified that defendant had failed to complete certain agreed-upon repairs to his condominium unit, and that roof leaks had damaged his window shade. He presented the court with an estimate, which had apparently been prepared by defendant's agent, of the cost of repairs, and also with the receipt for his window shade. Additionally, plaintiff asserted that defendant or its agent had removed pavers from the roof while repairs were performed on the roof, and that, as a result, he had been deprived of access to a roof cabana, which was a part of his condominium unit, for a period of eight months. Plaintiff testified that his damages exceeded $9,000 but limited his demand for damages to $5,000 (see CCA 1801). He explained to the court his methodology for computing the value of his deprivation of use of the cabana.
Although defendant's representative, Aaron Gertz, disputed certain of plaintiff's claims concerning incomplete repairs, he did not dispute that plaintiff's window shade had been damaged by roof leaks, or that plaintiff had been denied access to his roof cabana; nor did Gertz dispute the value that plaintiff had attributed to the deprivation of access. Rather, Gertz claimed that another action had been commenced by the condominium's homeowners' association in Supreme Court, based on the same underlying claims as plaintiff asserted herein, and that the condominium unit holders were all members of the association. Plaintiff, in effect, conceded that such an action had been brought but asserted that he had withdrawn from the Supreme Court action. He apparently showed the Civil Court papers that had been submitted in connection with his application to withdraw from the Supreme Court action, and a copy of an order made in the Supreme Court action.
The Civil Court dismissed the action, finding that plaintiff had failed to provide proof that he was no longer a litigant in the Supreme Court action, and, in addition, that plaintiff had made no repairs.
In a small claims action, our review is limited to a determination of whether "substantial [*2]justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The pendency of another action between the same parties may be a proper basis for dismissal (see CPLR 3211 [a] [4]; see also Whitney v Whitney, 57 NY2d 731 [1982]; Aurora Loan Servs., LLC v Reid, 132 AD3d 788 [2015]). Here, plaintiff did not dispute that the Supreme Court action included at least some of the same claims as the present action. Thus, assuming that plaintiff had not effectively withdrawn from the Supreme Court action, the dismissal of this action would have constituted a provident exercise of discretion. However, a review of the record in the Supreme Court action of Board of Mgrs. of the 90 N. Fifth St. Condominium v 90 N. 5th St., LLC (index No. 15536/12 K C), of which we take judicial notice (see Matter of Cento Props. Co. v Assessor, 71 AD3d 1015 [2010]; Matter of Allen v Strough, 301 AD2d 11, 18 [2002]; IMA Acupuncture, P.C. v Hertz Co., 50 Misc 3d 145[A], 2016 NY Slip Op 50258[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]), establishes that plaintiff had withdrawn from the Supreme Court action by the date of the Civil Court trial. Since that withdrawal had the effect of reserving to plaintiff the right to proceed against defendant (see Spatz v Wide World Travel Serv., 80 AD2d 519, 591-520 [1981]), we conclude that the Civil Court's dismissal of the action constituted an improvident exercise of discretion. 
Since defendant did not dispute plaintiff's entitlement to access to the roof cabana, the responsibility of its agents for depriving plaintiff of access over an eight-month period, or plaintiff's calculation of damages, we conclude that plaintiff established his entitlement to damages in the principal sum of $5,000. 
The dissent objects to our reliance on the Supreme Court record to reach our conclusion that plaintiff was no longer a litigant in the Supreme Court action on the date of the trial. However, while it is axiomatic that we may not otherwise consider matters that are dehors the record, that proscription does not encompass matters which may be judicially noticed (see Broida v Bancroft, 103 AD2d 88, 93 [1984]), such as Supreme Court records. Our review of the Supreme Court records establishes that plaintiff had withdrawn from the Supreme Court action when this action was tried. Since a small claims determination precludes a plaintiff from suing again on the same claim (see Gerstman v Fountain Terrace Owners Corp., 31 Misc 3d 148[A], 2011 NY Slip Op 50988[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]), were we to leave undisturbed the dismissal of this action, it would have the effect of terminating plaintiff's right to adjudicate his grievance against defendant without consideration of its merits: a result which, we conclude, would undercut the purpose of the Small Claims Part of the court, to render substantial justice between the parties according to the rules and principles of substantive law (CCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $5,000.
Pesce, P.J. and Aliotta, J., concur.
Weston, J., dissents in a separate memorandum.
Weston J., dissents and votes to affirm the judgment in the following memorandum:
In my opinion, the judgment should be affirmed.
"[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Williams v Roper, 269 AD2d 125, 126 [2000]). "In a small claims action, our review is limited to a determination of whether substantial justice has been done between the parties according to the rules and principles of substantive law" (Fetman v Radusky, 46 Misc 3d 135[A], [*3]2014 NY Slip Op 51873[U], * 2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; see also CCA 1804, 1807; Khazanov v Manukov, 46 Misc 3d 135[A], 2014 NY Slip Op 51874[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
During the trial of this small claims action, when defendant's representative informed the court that plaintiff, as a member of a homeowner's association, was a party in a pending Supreme Court action against defendant and others based upon the same claims as are involved in this small claims action, plaintiff presented to the small claims court an order issued in that Supreme Court action purportedly to demonstrate that he was no longer a party thereto. However, that order merely permits the plaintiffs therein to file an amended complaint omitting claims against another defendant in the Supreme Court action, the architect, who is not a party in the case at bar. In the absence of any proof that plaintiff is no longer a party to the Supreme Court action, there is no basis to disturb the factual findings made by the Civil Court.
There is nothing particularly compelling about the facts of this case which would suggest that this court should not only go beyond the record, but engage in an independent search of other records in order to disturb the Civil Court's ruling. Plaintiff had his day in court and was afforded every opportunity to present the necessary proof to sustain his case. The majority is attempting to stretch the facts to reach a particular result, and is thereby overstepping the bounds of review by an appellate court (see generally Broida v Bancroft, 103 AD2d 509 [1979]; Block v Nelson, 71 AD2d 509, 512 [1979]).
Accordingly, I vote to affirm the judgment.
Decision Date: September 07, 2016