Weston, J.
(dissenting and voting to affirm the judgment in the following memorandum). In my opinion, the judgment should be affirmed.
“[T]he decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence” (Williams v Roper, 269 AD2d 125, 126 [2000]). “In a small claims action, our review is limited to a determination of whether substantial justice has . . . been done between the parties according to the rules and principles of substantive law” (Fetman v Radusky, 46 Misc 3d 135[A], 2014 NY Slip Op 51873 [U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] [internal quotation marks omitted]; see also CCA 1804, 1807; Khazanov v Manukov, 46 Misc 3d 135[A], 2014 NY Slip Op 51874[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]).
*66 During the trial of this small claims action, when defendant’s representative informed the court that plaintiff, as a member of a homeowner’s association, was a party in a pending Supreme Court action against defendant and others based upon the same claims as are involved in this small claims action, plaintiff presented to the small claims court an order issued in that Supreme Court action purportedly to demonstrate that he was no longer a party thereto. However, that order merely permits the plaintiffs therein to file an amended complaint omitting claims against another defendant in the Supreme Court action, the architect, who is not a party in the case at bar. In the absence of any proof that plaintiff is no longer a party to the Supreme Court action, there is no basis to disturb the factual findings made by the Civil Court.
There is nothing particularly compelling about the facts of this case which would suggest that this court should not only go beyond the record, but engage in an independent search of other records in order to disturb the Civil Court’s ruling. Plaintiff had his day in court and was afforded every opportunity to present the necessary proof to sustain his case. The majority is attempting to stretch the facts to reach a particular result, and is thereby overstepping the bounds of review by an appellate court (see generally Broida v Bancroft, 103 AD2d 88 [1984]; Block v Nelson, 71 AD2d 509, 512 [1979]).
Accordingly, I vote to affirm the judgment.
Pesce, P.J., and Aliotta, J., concur; Weston, J., dissents in a separate memorandum.