The People of the State of New York, Appellant,
against
Absolute Electrical Contracting, Inc., Defendant; Absolute Electrical Contracting of NY, Inc., Nonparty-Respondent.




Queens County District Attorney (John M. Castellano, Johnette Traill and Christopher J. Blira-Koessler of counsel), for appellant.
Absolute Electrical Contracting of NY, Inc., respondent pro se (no brief filed).

Appeal from an order of the Criminal Court of the City of New York, Queens County (John Zoll, J.), dated January 29, 2018. The order granted a motion by Absolute Electrical Contracting of NY, Inc., to vacate a judgment convicting Absolute Electrical Contracting, Inc., in absentia, of failing to display a motor vehicle tax sticker and, sua sponte, dismissed the accusatory instrument.




ORDERED that the order is reversed, on the law, the motion by Absolute Electrical Contracting of NY, Inc. to vacate a judgment convicting Absolute Electrical Contracting, Inc. of failing to display a motor vehicle tax sticker is denied, and the accusatory instrument is reinstated.
A summons was issued to Absolute Electrical Contracting, Inc. for failing to display a motor vehicle tax sticker in violation of Administrative Code of the City of New York § 11-809 (see CPL 600.10 [1]). As no representative of that corporation appeared in court on the date listed on the summons, the court entered a plea of guilty in absentia (see CPL 600.20) and imposed a $500 fine as sentence (see Penal Law §§ 60.25 [a]; 80.10). The fine has not been paid.
Absolute Electrical Contracting of NY, Inc. moved in Criminal Court, pursuant to CPL 440.10, to vacate the judgment of conviction rendered against Absolute Electrical Contracting, [*2]Inc. after the former corporation received a final notice from a New York City marshal to pay the fine imposed upon the latter corporation, plus interest. Absolute Electrical Contracting of NY, Inc. claimed that the court lacked personal jurisdiction over it, as it was an entity separate and apart from Absolute Electrical Contracting, Inc., the named defendant on the summons. By order dated January 29, 2018, the Criminal Court granted the motion of Absolute Electrical Contracting of NY, Inc., vacated the judgment of conviction against Absolute Electrical Contracting, Inc. and, sua sponte, dismissed the accusatory instrument.
While Absolute Electrical Contracting of NY, Inc. asserts that it is aggrieved by a New York City marshal's attempt to enforce a judgment against it, rather than against Absolute Electrical Contracting, Inc., the party convicted and fined $500, in seeking a remedy, the former corporation, by its own claim, did not have standing to move pursuant to CPL 440.10 to vacate the judgment rendered against the latter defendant corporation (see People v Quiroga-Puma, 24 Misc 3d 29, 31 [App Term, 2d Dept, 9th & 10th Jud Dists 2009] [" 'Standing goes to the jurisdictional basis of a court's authority to adjudicate a dispute' "], quoting Stark v Goldberg, 297 AD2d 203, 204 [2002]). Rather, if it be so advised, Absolute Electrical Contracting of NY, Inc. may move in the appropriate forum to enjoin enforcement of the judgment against it. Nevertheless, under the circumstances presented, the Criminal Court should have denied the motion.
Accordingly, the order is reversed, the motion by Absolute Electrical Contracting of NY, Inc. to vacate the judgment of conviction rendered against Absolute Electrical Contracting, Inc. is denied, and the accusatory instrument is reinstated. 
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019