Matter of Anavias D. (Jason D.) (2025 NY Slip Op 00600)

Matter of Anavias D. (Jason D.)

2025 NY Slip Op 00600

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

946 CAF 23-01226

[*1]IN THE MATTER OF ANAVIAS D. ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; JASON D., RESPONDENT-APPELLANT.

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
DEANA D. GATTARI, UTICA, FOR PETITIONER-RESPONDENT.
COURTNEY S. RADICK, OSWEGO, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Oneida County (Paul M. Deep, J.), entered July 6, 2023, in a proceeding pursuant to Social Services Law § 384-b. The order terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from three orders terminating his parental rights with respect to each of his three children upon a finding of severe abuse arising from his conviction of murder in the second degree for killing their mother (see Social Services Law § 384-b [4] [e]; [8] [a] [iii] [A]; Penal Law § 125.25 [1]). Family Court conducted a combined fact-finding and dispositional hearing and concluded that the best interests of the children required that they be placed for adoption.
We reject the father's contention in each appeal that he was denied effective assistance of counsel by his attorney's failure to negotiate a settlement with petitioner. Here, the father rejected the offer of surrender made by petitioner and elected to proceed to a hearing. Under these circumstances, any additional course of negotiations by his counsel would have been, "at best, 'dubious' " (People v Collins, 129 AD3d 1676, 1677 [4th Dept 2015], lv denied 26 NY3d 1038 [2015]; see also Matter of Daltun A.B. [Daniel B.], 103 AD3d 1181, 1182 [4th Dept 2013], lv denied 21 NY3d 949 [2013]), and the father failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Jazmine M. [Willie R.], 185 AD3d 1457, 1458 [4th Dept 2020], lv denied 36 NY3d 902 [2020] [internal quotation marks omitted]; see Matter of Brown v Gandy, 125 AD3d 1389, 1390-1391 [4th Dept 2015]).
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court